## JOSIAH HODGES v. C. W. HODGES.

*Evidence—Hearsay—Infant—Deed—Ante Litem Motam—New Trial.*

1. It was material to inquire, in a civil action to recover land, if one H. was an infant at the time she executed a certain deed in 1862. To prove she was not, plaintiff offered evidence of one who heard his mother say that H. was born in 1845. It was not shown that the declarations were made *ante litem motam*, or that the person making them was dead: *Held*, that such evidence was not admissible, and its admission entitles the party injured to a new trial.

2. Where these preliminary facts (if facts) are not shown, specific objection is not required—mere general objection is sufficient.

This was a CIVIL ACTION, for the recovery of real property tried at the August Term, 1889, of MECKLENBURG Superior Court, before *Connor. J.*

*Mr. C. W. Tillett,* for plaintiff.
*Mr. P. D. Walker,* for defendant.

SHEPHERD, J.: It became material on the trial of this action to ascertain whether Mrs. M. A. Hodges was an infant when she executed the deed of July, 1862.

For the purpose of proving that she was under the age of twenty-one years at that time the plaintiff introduced D. C. Pharr, who testified that he had heard his mother say that the said M. A. Hodges was born in 1845. This was objected to, and the objection being overruled the defendant excepted.

The rule which admits such hearsay declarations is clearly defined by the authorities, and it is well settled that, as preliminary to their admission, it must be affirmatively shown that they were made *ante litem motam.*

"It is necessary that they should have been made, not only without any view of benefiting the person making

them, but also without a view of benefiting any other." *Morgan* v. *Purnell*, 4 Hawks, 95.

In the above case the declarations of Mrs. Morgan were rejected because it was not shown when they were made, HENDERSON, J , saying that " for aught that appears to the contrary, they might have been made on that very day on which her deposition was taken, and with a view to this contest. * * * At all events, it does not appear to have been made *ante litem motam.*" Best's Principles Ev , 476, and notes. It was not shown, in our case, when the declarations were made, and it was, therefore, error on the part of the Court in receiving them. Another requirement is, that the declarant must be dead. 1 Greenleaf Ev., 103–104; *Moffit* v. *Witherspoon*, 10 Ired., 185; *Clements* v. *Hunt*, 1 Jones, 400; Best's Principles Ev., 476.

This fact should have been shown before the witness was permitted to testify as to the declaration, and it was not necessary that the defendant should have assigned his objection specifically. The general objection was sufficient. *State* v. *Wilkerson*, 103 N. C., 337.

Not only did the plaintiff fail to show that the declarant was dead, but it appeared from the cross-examination that she was in fact living.

For these reasons there should be a new trial.