## WILLIAMS *et al.* v. JOINS *et al.*

No. 2013.   Opinion Filed August 20, 1912.

Rehearing Denied October 8, 1912.

(126 Pac. 1013.)

1. **WITNESSES—Competency—Transactions With Persons Since Deceased—Objections and Waiver.** The incompetency of a witness to testify in his own behalf concerning a transaction or conversation had with a deceased person, as against the heir of such deceased person, under Comp. Laws 1909, sec. 5841, must be raised in the trial court by an objection to the competency of the witness, and not merely by an objection to the competency of the evidence offered by the witness.

2. **STATUTES—Retroactive Operation—Rules of Evidence.** Section 3 of the Act of Congress of May 27, 1908, c. 199, 35 St. at L. p. 312, which provides, amongst other things, that the rolls of citizenship of the Five Civilized Tribes "shall hereafter be conclusive evidence as to the age of said citizen or freedman," does not make such rolls conclusive evidence of the age of a citizen, when the transaction involved had been entirely completed prior to the passage of this act and the suit instituted after the passage of the act.

3. **EVIDENCE—Best and Secondary Evidence—Execution of Deed.** When the execution of a deed is admitted in the pleadings, but its validity attacked on other grounds, it is not error to admit secondary evidence of the deed, even though such secondary evidence might otherwise be inadmissible.

(Syllabus by Ames, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by Frank Williams and another against U. S. Joins and another.   Judgment for defendants, and plaintiffs bring error.   Affirmed.

*Fooshee & Brunson, T. W. Hunter,* and *J. H. Harper,* for plaintiffs in error.

*Cruce, Cruce & Bleakmore,* for defendants in error.

Opinion by AMES, C. The plaintiffs, as next of kin and heirs at law of Phoebe Willis and Josiah Willis, deceased citizens of the Choctaw Nation, brought this action to recover from the defendants the possession of the real estate involved. The defendants claimed title under a conveyance from Josiah Willis, who inherited the land from Phoebe Willis. The plaintiffs asserted the invalidity of this deed, on account of the minority of Josiah Willis. This issue was tried to the jury and verdict was rendered in favor of the defendants.

The first error assigned is that the defendant Joins was per-. mitted to testify as to certain conversations and transactions had with Josiah Willis, his deceased grantor, and it is alleged that under our statute (Comp. Laws 1909, sec. 5841) a party to a cause is not permitted to testify to a transaction with the deceased party as against the heir of such deceased. The plaintiffs, however, are not in position to avail themselves of this contention, as no objection was made to the competency of Joins as a witness, the only objection being that certain testimony which he offered was incompetent, irrelevant, and immaterial, and it is settled by previous decisions that, in order for one to avail himself of this point, he must object to the competency of the witness, and not merely to the competency of the testimony offered by the witness. *Bell v. Territory of Oklahoma,* 8 Okla. 75, 56 Pac. 853; *Crebbin v. Jarvis,* 64 Kan. 885, 67 Pac. 531. In *Bell v. Territory of Oklahoma,* 8 Okla. at page 80, 56 Pac. at page 854, it is said:

"An objection to the competency of the evidence does not go to the competency of the witness. *Denning v. Butcher* [91 Iowa, 425], 59 N. W. 69.; *Robinson v. Marino* [3 Wash. 434], 28 Pac. 752 [28 Am. St. Rep. 50]."

It is next urged that the trial court erred in submitting to the jury the question of the age of Josiah Willis, both because the evidence established that he was a minor, and because the rolls of citizenship of the Five Civilized Tribes showed that he was a minor. Upon the first question it is sufficient to say that there was conflicting evidence upon the subject, and that the court submitted the issue to the jury under instructions which

are not complained of, and that the jury has resolved the issue against the plaintiffs; and there being evidence reasonably tending to support the verdict, and the trial court having overruled the motion for new trial, that question will not be further examined here.

The other, however, presents a more difficult question. Section 3 of the Act of May 27, 1908, c. 199, 35 Stat. at Large, 312, Fed. Stat. Ann. 1909 Supplement, 233, provides:

"That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes and of no other persons to determine questions arising under this act and the enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of·said citizen or freedman."

And counsel for the plaintiffs urge that this is a valid act, that the record shows that Josiah Willis was a minor, that that record is conclusive evidence in this case, that all other evidence was incompetent, and that it was error to submit the issue to the jury. A certified copy of the enrollment of Josiah Willis, as prepared by the Commission to the Five Civilized Tribes, was offered in evidence, showing on its face that he was a minor at the time the deed to the defendant was executed, and on this roll appears a notation as follows: "No. 3 is 22 years old. See copy of testimony of July 11, 1903." No. 3 here referred to is Josiah Willis. The plaintiffs argue that this notation on the roll was inadmissible; that it was no part of the roll; that it was a memorandum made some time after July 11, 1903, as shown by the very face of the notation, while the roll itself was approved by the Secretary of the Interior on March 10, 1903; that the statute makes the roll, as approved by the Secretary of the Interior, conclusive evidence; and that therefore this memorandum, made on the roll after its approval by the Secretary of the Interior, was not authorized by law, and is not entitled to any probative effect. On the other hand, it is argued by the defendants that this notation is a part of the roll, that it shows that Josiah was of age at the time the deed was executed, and that it is conclu-

sive evidence in their favor. Under the view we take of the act of Congress under consideration, it is unnecessary to decide this question, although there is much weight in the argument of the plaintiffs.

The deed from Josiah Willis to the defendant Joins was executed on the 11th day of July, 1903, while the act of Congress was not passed until May 27, 1908, several years thereafter. The act provides that these rolls "shall *hereafter* be conclusive evidence as to the age of such citizen or freedman." This action was commenced by the plaintiffs in December, 1908, after the passage of the act referred to. At the time this deed was taken by Joins, the roll was not conclusive evidence, and the question now arises whether, as to a transaction completed and a right acquired prior to the passage of that act, it should be construed as making the roll conclusive evidence. The validity of the act has already been settled by the case of *Yarbrough v. Spaulding,* 31 Okla. 806, 123 Pac. 843, and the cases therein cited; but the application of it to the particular facts of this case is not there determined. It is our opinion that the act does not apply under the facts of this case. An extreme case will illustrate why it should not be so construed. Suppose a case in which the commission has enrolled as a minor a man who is in fact an adult, and who is known to be such beyond dispute. This enrollment is made, as in this case, five years before the act of Congress. This enrolled citizen has lands which under the law he is authorized to sell. He sells the land in good faith for its full value to a purchaser who has known him all his life, and who knows in fact that he is more than 21 years old. Five years afterwards the act is passed, and this grantor seeks to avoid his conveyance on the ground of minority. Should the act be construed so as to permit him to do so? Plainly not, unless by its terms it is not susceptible of any other construction. By its terms it provides that the rolls shall *"hereafter"* be conclusive evidence. It is therefore consistent with the language of the act to hold that it does not apply so as to defeat a completed transaction and destroy a right which had been vested several years before the act passed.

The next error assigned which requires consideration is that the court erred in admitting in evidence the record of the deed to Joins (the original having been lost), for the reason that the record does not show a copy of the seal of the notary public who took the acknowledgment, although the notary recites in his acknowledgment "in witness whereof I have hereunto set my hand and affixed my seal on this day and year last aforesaid." In their reply the plaintiffs admit "that said Josiah Willis attempted to convey said lands involved herein to U. S. Joins; but plaintiffs say that said conveyance was made the same day said land was allotted, and said pretended conveyance was obtained through fraud and without consideration." In the reply the plaintiffs then deny that there was a consideration paid, deny that Josiah Willis was an adult, and allege that he was a minor "at the time the pretended conveyance was made," and again: "Plaintiffs further say that said pretended conveyance was made on the 11th day of July, 1903. * * *" In the prayer the plaintiffs pray "* * * that said pretended conveyance be canceled. * * *" The allegation of the answer to which this reply was directed was, "* * * The said Josiah Willis * * * by warranty deed, made, executed and delivered by him on the ———— day of ————, 190—, conveyed said lands to the defendant U. S. Joins. * * *" From these allegations it appears that the execution of the deed was admitted, and, this being true, if there was any error in admitting the record, it was not prejudicial to the rights of the plaintiffs.

We think the judgment of the trial court should be affirmed. By the Court: It is so ordered.