## PERKINS v. BAKER.

No. 3112.   Opinion Filed December 23, 1913.

(137 Pac. 661.)

1.   **APPEAL AND ERROR—Review of Evidence—Recital in Case-Made.** This court will not examine the evidence on a given subject unless the case-made contains an averment, by way of recital, to the effect that it contains all the evidence introduced at the trial. And this is especially true where the sufficiency of the case-made is properly challenged, and no answer thereto is made by the opposite party.

2.   **SAME—Misconduct of Counsel—Presentation Below—Necessity.** To present the question of misconduct of counsel, as making improper statements to the jury in his argument, for appellate review, there must be an objection seasonably made, and an exception properly taken, if it is overruled.

3.   **EVIDENCE—Documentary Evidence—Hearsay.** It is not error to exclude from evidence a copy of the enrollment records offered for the purpose of proving the age of a Seminole allottee at the time he executed a warranty deed in January, 1905, especially where no predicate has been laid for the admission of secondary or hearsay evidence, and no other proper or sufficient reason being apparent.

4.   **SAME—Affidavit—Proof of Age.** It is not error to refuse admission in evidence of an affidavit of the deceased mother of an alleged minor, unless it is shown that such affidavit was made in good faith, unbiased by any issue between the parties likely to be affected thereby, and made before the litigation was commenced in which such evidence is to be used.

5.   **WITNESSES—Impeachment—Conviction of Crime.** Record examined, and held not error to allow a witness to be asked if he had ever been convicted of a crime in the tribal courts of the Seminole Nation.

(Syllabus by Robertson, C.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action for ejectment by J. A. Baker against J. M. Perkins. Judgment for plaintiff, and defendant brings error.    Affirmed.

*Crump, Fowler & Skinner,* for plaintiff in error.

*J. A. Baker, pro se.*

Opinion by ROBERTSON, C.    This action in ejectment was brought in the district court of Seminole county in November, 1909, by J. A. Baker against J. M. Perkins.    The answer denied the claim of ownership set up and relied upon by Baker, and set up ownership in the defendant, Perkins; Baker claimed by virtue of a deed dated January 4, 1905.    It was the contention of the defendant at the trial below that, at the time Baker took his deed to the land in controversy, the grantor therein, Tippie Alberta, was a minor, and, being a Seminole freedman, was not capable of transferring the title to said land, and the deed under which Baker claims was therefore void.    The jury returned a verdict in favor of Baker and against Perkins, upon which judgment was entered, and to reverse which this appeal is brought.    The principal question in the case, and that upon which the verdict of the jury turned at the trial, was the age of the grantor, Tippie Alberta. There are many assignments of error in the petition; but in the defendant's brief attention is given only to the second, fifth, eighth, ninth, and eleventh, the others being waived.

The second assignment is that "the verdict and judgment rendered thereon in said cause was contrary to and not sustained by the evidence."    The plaintiff objects to the consideration of this assignment by this court, for the reason that the case-made does not contain a certificate showing that it contains all the evidence introduced at the trial, and upon which the verdict was rendered and the judgment was entered.    A careful examination of the case-made proves this assertion to be correct, and under the uniform holdings of this court we are not at liberty to examine any of the testimony given on a subject, unless the case-made contains the positive averment, by way of recital, to

the effect that it contains *all the evidence* introduced at the trial. This objection to the sufficiency of the case-made stands before us unanswered, and for that reason we presume the same must be true, and that the record cannot be amended. *Baldwin Lumber Co. c. Sanders,* 39 Okla. 142, 134 Pac. 387, and the cases there cited.

The next assignment of error urged has to do with the alleged improper conduct of counsel for plaintiff in his argument to the jury. Considerable space is taken up in defendant's brief on this subject, and many authorities are cited in support of his contention. Stress was also laid on this purported impropriety at the oral argument had before us; but counsel for the plaintiff insists that this court has no jurisdiction to hear and determine this question, for that no exception was made or saved to the ruling of the trial court on the subject, and that this is not such a matter as can be raised for the first time in this court on appeal. An examination of the record shows (pages 69 to 70) that the following took place:

"By Mr. Fowler: The defendant excepts to the remarks of counsel for the plaintiff.

"By the Court: The jury are admonished to go by the testimony and the charge of the court.".

Section 5026, Rev. Laws 1910, provides that an exception is an objection taken to a decision of the court or judge upon a matter of law. Section 5027 provides that the party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term, etc..

In this case, as disclosed by the record, defendant objected to plaintiff's argument, and the court ruled upon the objection. We must presume the ruling of the court was satisfactory to defendant's counsel, else an exception would have been taken thereto. No such exception was taken so far as the record shows, and no complaint that the record is insufficient in that respect has been heard. No request was made that the jury be instructed to disregard the alleged improper remarks of counsel, yet it seems that the court, in effect, voluntarily instructed them to go by the

testimony and the charge of the court, and this evidently was satisfactory to defendant, as it ended the controversy, and no exception was noted to the failure of the court to rule directly on the objection, nor to the instruction given the jury. *Alexander et al. v. Oklahoma City,* 22 Okla. 838, 98 Pac. 943; *St. L. & S. F. R. Co. v. Davis,* 37 Okla. 340, 132 Pac. 337; *McLain v. State,* 18 Neb. 154, 24 N. W. 720. In 1 Thompson on Trials, sec. 962, the learned author says:

"The more correct view is that such irregularity can only be saved for appellate review by an objection seasonably made, an exception properly taken, if it is overruled, which exception is incorporated in a bill of exceptions, signed and sealed by the presiding judge."

This rule was quoted with approval and followed by the court in *Coalgate Co. et al. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915, in the following language, by Mr. Justice Kane, in the syllabus:

"To present the question of misconduct of counsel in making improper statements to the jury in his argument for appellate review, there must be an objection seasonably made, and an exception properly taken, if it is overruled."

This precludes further consideration, at our hands, of this assignment of error.

It is next urged that the court erred in not permitting the introduction in evidence of a certified copy of the enrollment record, showing the age of Tippie Alberta. In this connection it is asserted that said copy of the enrollment record should have been received in evidence, first, as conclusive evidence of the age of said allottee under the provisions of the Act of Congress of May 27, 1908 (35 St. at L. 312, c. 199, sec. 3); second, as a circumstance tending to show his age; third, as evidence *prima facie* of his age. We cannot agree with counsel's contention in this behalf. The deed challenged was executed in January, 1905, and the age of the allottee in such instances is a fact to be proved as any other fact provable at that time, and the rule of evidence enunciated by the act of Congress, *supra,* does not control. This act of Congress provides a new rule of evidence; not a general rule, but an arbitrary, limited rule for a particular class

of cases. No predicate was laid at the trial below for the introduction of secondary or hearsay evidence, and at the time the deed was executed the enrollment record, without a predicate for such evidence having been laid, would have been incompetent. Not so, however, had the transaction occurred after the passage of the act of Congress, *supra.*

It was said by Brewer, C., in *Rice v. Ruble,* 39 Okla. 51, 134 Pac. 49:

"While, as has been stated, it is not required that we here decide whether the enrollment records, or a certified copy thereof, would, in such a case as this, be admissible in evidence at all to be considered with other proof, yet it is not amiss, we think, to say that its admissibility, in such cases as this, on the question of age is very doubtful, under the doctrine of *Hegler v. Faulkner,* 153 U. S. 109, 14 Sup. Ct. 779, 38 L. Ed. 653."

See, also, *Rice v. Anderson,* 39 Okla. 279, 134 Pac. 1120; *Williams et al. v. Joins,* 34 Okla. 733, 126 Pac. 1013.

We are of opinion, and so hold, that, in the absence of a reason to the contrary, the certified copy of the enrollment records, offered for the purpose of proving the age of a Seminole allottee at the time he executed a deed in January, 1905, is incompetent and hearsay, and that the court did not err in refusing to permit its introduction in evidence. We do not attempt to decide whether or not the same, under any circumstances, would not be competent; but under the facts in this case, no reason or excuse of any kind being offered, and no predicate being laid, we hold the same to be incompetent.

The next point urged is that the court erred in excluding from evidence the affidavit of the mother of Tippie Alberta concerning his age. This affidavit was made on October 14, 1907. The deed, as has been hereinbefore mentioned, was executed in. January, 1905. Ordinarily the declarations of a parent concerning the age of his child (and that is the sole effect of this affidavit under consideration) is admissible in evidence if made before the cause of action arose wherein the same is offered. *David v. Sittig,* 1 Mart. N. S. (La.) 147, 14 Am. Dec. 179. Wigmore, in his admirable work on Evidence (volume 2, sec. 1480 *et seq.*), declares this principle to be one of the oldest exceptions to the

hearsay rule, and is known as the rule of necessity; but before such declaration is admissible, even under this rule, it must be shown that the evidence offered by this method is the best evidence of which the case is susceptible, and that the declaration was made in good faith, unbiased by any issue between the parties likely to be affected thereby, and made before the litigation was commenced in which such evidence is to be used. Then, too, ordinarily this class of evidence is admissible only to prove age in *pedigree,* and not age as a *fact.*

It has been held that a witness cannot testify that he heard the mother of a grantor in a deed say that he was an infant at the time of its execution, unless it is first affirmatively shown that the declaration was made *ante litem motam,* and that the declarant is dead. *Hodges v. Hodges,* 106 N. C. 374, 11 S. E. 364; 1 Greenleaf, sec. 131. The question of the age of Tippie Alberta, for the purpose of this case being one of fact, instead of pedigree, was for the jury, and the issues thus formed and submitted, having been resolved in favor of plaintiff on conflicting evidence, will not be disturbed in this court on appeal.

The only remaining assignment is that the court erred in permitting plaintiff, for the purpose of impeaching a witness, to ask him if he had ever been convicted of a crime in the tribal courts of the Seminole Nation.

This court will take judicial notice of the history and government of this nation, as well as of the various subordinate divisions thereof, including that of the Five Civilized Tribes of Indians. We know that the Seminole Nation had an organized form of government, with a judiciary having jurisdiction of the various crimes and offenses, including those involving moral turpitude; these governments and the courts organized thereunder were recognized and fostered by the federal government. We also know that a witness may, for the purpose of impeachment, and as affecting his credibility, be asked whether or not he has been convicted of any crime involving moral turpitude. This sort of examination, however, must be confined to reasonable limits, subject to control by and through a wise discretion of the trial court. In the instant case no abuse of discretion is shown.

No motion was made by defendant's counsel to withdraw the alleged objectionable matter from the consideration of the jury, or to instruct the jury to disregard the same; hence, if any harm was done, the effect thereof has been waived.

From a careful consideration of the whole case, we are convinced that no error of sufficient magnitude to warrant a reversal was committed, and that therefore the judgment should be affirmed.

By the Court: It is so ordered.