## DIAMOND *et al.* v. PERRY.

No. 3885. Opinion Filed April 13, 1915.

(148 Pac. 88.)

1.   INDIANS—Trial—General Objection to Evidence—Enrollment Record—Competency—Proof of Age. In the trial of an ejectment action involving a part of the allotment of a Creek freedman, claimed by the defendant under two deeds, one executed by the allottee, January 19, 1906, and the other November 25, 1908, one of the issues raised was the age of the grantor at the time of the execution of these deeds. The plaintiff offered in evidence the "enrollment record" of the grantor to which objection was made that the same was "incompetent, irrelevant and immaterial, and tends to prove no issue in this case." **Held,** that this record was competent and "conclusive" on this issue, at least, as to the deed of November 25, 1908, and that the objection being general was properly overruled.

2.  **TRIAL—Argument of Counsel—Limitation—Discretion.** Under the facts disclosed in the opinion the trial court did not abuse its discretion in limiting the time of argument of counsel to the jury.

(Syllabus by Galbraith, C.)

*Error from District Court, Okfuskee County;*

*John Caruthers, Judge.*

Action by Washington Perry, by his next friend, against W. W. Diamond and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*J. C. Wright* and *C. T. Huddleston,* for plaintiffs in error.

*A. A. Hatch,* for defendant in error.

GALBRAITH, C. This was an action in ejectment brought by the defendant in error to recover the title and the possession of 160 acres of land located in Okfuskee county, Okla., being part of the land allotted to him as a Creek freedman. The petition was in the statutory form. The answer was a general denial. The cause was tried to the court and a jury and verdict in favor of the plaintiff, on which judgment was entered, adjudging him to be the owner and entitled to the possession of the land. From this judgment an appeal has been prosecuted to this court.

Two errors only are argued in the brief. One, that the court erred in admitting, over the objection of the plaintiff in error, the enrollment record of Washington Perry, as a freedman citizen of the Creek Nation, in so far as it related to his age; second, the court erred in limiting counsel in their argument to the jury to 20 minutes a side.

The first assignment arose in the following manner: The deputy county clerk of Okfuskee county was called in behalf of the plaintiff and testified that he had in his possession the enrollment record of the Creek Nation for that county. He was asked to

turn to the page of the record on which the enrollment of Washington Perry was found. After doing so that page of the record was offered in evidence. Counsel for the defendant made the following objection.

"So far as it relates to the description of the land we have no objection, but so far as it goes to the age we object as incompetent, irrelevant, and immaterial, and tends to prove no issue in this case.

"By the Court: Overruled.

"Mr. Huddleston: Defendant excepts.

"Mr. Hatch: Mr. Clerk, you may read so far as it relates to Washington Perry.

"Washington Perry. Enrolled August, 1898, his enrollment number 1814, as a freedman citizen. Post office address, Wetumka. His age at enrollment eight years. He is a male. The east half of the southeast quarter and the northwest quarter of the southeast quarter, 120 acres surplus land, and the southeast quarter of the southeast quarter, 40 acres homestead."

It is urged on behalf of the plaintiff in error that the court erred in overruling objection to the admission of this evidence. The record shows that the defendant in error claimed title to the land, a portion of it under deed from Washington Perry dated January 10, 1906, and another portion of it under deed of November 25, 1908. It will be observed that the objection to this record was that it was "incompetent, irrelevant and immaterial, and tends to prove no issue in this case." The court, of course, passed upon the objection as made. As was said by the court in *Muskogee Electric Traction Co. v. McIntire,* 37 Okla. 684, 133 Pac. 213:

"It is the objection" that was "made, not that which might have been urged, that called for the ruling of the   *   *   *   court."

See, also, *Hartzell v. Hartzell,* 42 Okla. 390, 141 Pac. 772.

In the case of *Enid & Anadarko Ry. Co. v. Wiley et al.*, 14 Okla. 310, 78 Pac. 96, a register of deeds was called as a witness and produced and identified a record kept in his office known as the patent record. A certain patent to land from the United States to one of the plaintiffs was offered in evidence. The objection was made that it was "incompetent." The Supreme Court of the territory in passing upon the exception overruling this objection said:

"Appellate courts will not, as a general rule, consider objections to the introduction of evidence unless such objections are made to the trial court at the time the testimony is offered, and must be sufficiently certain and definite to advise the court of the specific grounds of objection. To say that evidence is "incompetent' is too general, vague, and indefinite. In the case under consideration, the record of the patent was competent as secondary evidence, and secondary evidence was admissible if the original was not in the possession or under the control of the party offering the record. No objection was made that the proper foundation had not been laid for the introduction of secondary evidence, nor was it suggested that the record was not admissible until the parties offering it had made proof that the original could not be produced. The court was not advised upon what grounds it was 'incompetent,' and it was not bound to grope through the entire scope of possible defects to ascertain the foundation for this objection. It might have been incompetent because not properly executed by the president, because not properly attested by the great seal, because not properly recorded in the general land office, because not properly authenticated, because it did not describe the land in controversy, or because executed to some person other than those claiming the land in dispute, or the record might have been incompetent because not properly identified, or because not properly kept, or because it was not required by law to be kept, and the court was not bound to seek a basis or ground to support the general objection of incompetent. It is the duty of counsel when making an objection to state the grounds of the objection so that the court may act advisedly and intelligently upon the objection presented, and that the adverse party may have an opportunity to obviate the objection, if possible, and make the evidence admissible."

In support of one of the issues in the case, namely, the age of Washington Perry on the 25th day of November, 1908, the date of the execution of one of the deeds under which the land was claimed, the enrollment record was relevant, competent, and material evidence. See Act of Congress of May 27, 1908 (35 Stat. L. 313, c. 199); *Yarbrough v. Spalding et al.*, 31 Okla. 806, 123 Pac. 843; *Rice v. Ruble*, 39 Okla. 51, 134 Pac. 49; *Rice v. Anderson*, 39 Okla. 279, 134 Pac. 1120; *Scott v. Brakel et al.*, 43 Okla. 655, 143 Pac. 510; *Phillips et al. v. Byrd*, 43 Okla. 556, 143 Pac. 684; *Grayson et al v. Durant et al.*, 43 Okla. 799, 144 Pac. 593; *Smith et al. v. Bell et al.*, 44 Okla. 370, 144 Pac. 1058. While there may be some question under the last two decisions above cited whether or not this record was admissible on the issue raised relative to the deed of January 19, 1906, there can be no question under those decisions and the other cases cited that the enrollment record was admissible on the issue raised as to the deed of November 25, 1908, and was also conclusive as to the age of the allottee at the date of the execution of that deed. This record shows that the allottee was under the age of 21 years on November 25, 1908. A jury could not well have found that Washington Perry was a minor on November 25, 1908, and an adult on January 19, 1906. There was some oral testimony in addition to this record given by the father and other relatives of the minor to the fact that Washington Perry was a minor at the time of the execution of these deeds. In any aspect of the case the enrollment record was admissible on one of the questions at issue, namely, the age of the allottee at the date of the execution of the deed of November 25, 1908, and, therefore, the general objection, even under section 5070, Rev. L. 1910, was not well taken and was properly overruled.

The second assignment is that the court abused its discretion in limiting counsel in their argument to 20 minutes a side. While there were a number of witnesses examined at the trial, the issues of fact involved were very simple, as specifically pointed

out and submitted to the jury by the court in the instructions. These were, first, as to whether or not Washington Perry knowingly executed the deeds under which the plaintiffs in error claimed title, and, second, as to whether or not the grantor in those deeds was 21 years of age at the time of the execution of both or either of them. The testimony all bore upon these two issues of fact. We cannot say that the court abused the discretion vested in it under the law in limiting the argument of counsel to 20 minutes to a side as it did in this case. In fact, practically all of the testimony was in support of the claim that the grantor was a minor and did not understand the nature of the deeds when he executed them, and there was little, if any, evidence to the contrary. There was not much ground for argument on behalf of the contention of the plaintiff in error. It is clear that counsel were given ample time for argument and that this assignment is without merit.

We therefore recommend that the exceptions be overruled and the judgment appealed from be affirmed.

By the Court: It is so ordered.