UNITED STATES v. FERGUSON et al.

(Circuit Court of Appeals, Eighth Circuit. July 9, 1915.)

No. 4428.

INDIANS ☞13—COMMISSION TO FIVE CIVILIZED TRIBES—ENROLLMENT—CON-
CLUSIVENESS.

Under Act April 26, 1906, c. 1876, 34 Stat. 137, providing that for all
purposes the quantum of Indian blood possessed by any member of the
Five Civilized Tribes shall be determined by the rolls of citizens there-
of approved by the Secretary of the Interior, Act June 21, 1906, c. 3504,
34 Stat. 325, requiring the Secretary of the Interior, on completion of
the approved rolls, to prepare and print the same in a permanent record
book, and Act May 27, 1908, c. 199, § 3, 35 Stat. 312, declaring that the
rolls of citizenship of the Five Civilized Tribes approved by the Secre-
tary of the Interior shall be conclusive evidence as to the quantum of
Indian blood of any enrolled citizen, the Seminole Roll of Indians by
Blood, as prepared by law, is conclusive, and not subject to collateral
attack.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 30; Dec. Dig.
☞13.]

Appeal from the District Court of the United States for the East-
ern District of Oklahoma; Ralph E. Campbell, Judge.

Action by the United States against Walter Ferguson and another.
From a judgment of dismissal, the United States appeals. Affirmed.

Archibald Bonds, Sp. Asst. U. S. Atty., of Claremore, Okl. (D. H.
Linebaugh, U. S. Atty., and W. P. McGinnis, Sp. Asst. U. S. Atty.,
both of Muskogee, Okl., on the brief), for the United States.

Harry H. Rogers, of Tulsa, Okl. (N. A. Gibson, of Muskogee, Okl.,
on the brief), for appellees.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-
BER, District Judge.

CARLAND, Circuit Judge. This is an action commenced by appel-
lant for the purpose of canceling certain conveyances purporting to
convey lands which had theretofore been allotted to Suk-pi-e-chee, or
Henehar Kochokney, deceased, a full-blood member of the Creek
Tribe or Nation of Indians. The conveyances were executed by
Marche Yekcha, son and heir of Suk-pi-e-chee, subsequent to April 26,
1906, and were not approved by the Secretary of the Interior or
judge of the county court. It is claimed by appellant that Eliza, the
mother of Marche Yekcha, was a full-blood Seminole Indian, and that
therefore Marche Yekcha was a full-blood Indian, subject to the re-
strictions against the alienation of Indian lands. The land in con-
troversy was duly selected by and patented to Henehar Kochokney,
who died March 3, 1903. Marche Yekcha was enrolled as a half-
blood opposite No. 1278 on the Seminole Roll of Indians by Blood.

At the trial appellant offered to show by the testimony of three
witnesses, to wit, Jacob Harrison, Concharty, and Catcha Holatka,
that the mother of Marche Yekcha was a full-blood Seminole Indian.
The trial court ruled that the Seminole Roll of Indians by Blood was
conclusive upon the question as to the quantum of Indian blood pos-

sessed by Marche Yekcha, and that as the act of Congress of April 26, 1906, contained no restrictions as to mixed-blood Indians, decided that the appellant could not maintain the action and dismissed the bill. It thus appears that the only question for decision is as to whether the Roll of Seminole Indians by Blood as prepared by law is conclusive against collateral attack. As bearing upon the question we set forth the following excerpts from the legislation of Congress. Section 22 of the Act of Congress of April 26, 1906 (34 Stat. 137, c. 1876), provides:

"That the adult heirs of any deceased Indian of either of the Five Civilized Tribes whose selection has been made, or to whom a deed or patent has been issued for his or her share of the land of the tribe to which he or she belongs or belonged, may sell and convey the lands inherited from such decedent. * * * "

Section 19 of the same Act of Congress of April 26, 1906, provides:

"* * * And for all purposes the quantum of Indian blood possessed by any member of said tribes shall be determined by the rolls of citizens of said tribes approved by the Secretary of the Interior. * * * "

The Indian Appropriation Act of June 21, 1906 (34 Stat. 325, c. 3504), among other things provides:

"That the Secretary of the Interior shall, upon completion of the approved rolls, have prepared and printed in a permanent record book such rolls of the Five Civilized Tribes, and that one copy of such record book shall be deposited in the office of the recorder in each of the recording districts for public inspection. * * * "

The following is the record concerning Marche Yekcha in the Seminole Roll of Indians by Blood:

"Seminole Roll, Indians by Blood.

"No. 1278: Name, Yekcha, Marche; Age, 30; Sex, M; Blood, ½. Tribal Enrollment: Year, 1897; Band, Echo Emarthoge; No. 1; Census Card No. 380."

By section 3 of the Act of May 27, 1908 (35 Stat. 312, c. 199), Congress again declared its purpose of making the rolls conclusive evidence as follows:

"That the rolls of citizenship and of freedmen of the Five Civilized Tribes approved by the Secretary of the Interior shall be conclusive evidence as to the quantum of Indian blood of any enrolled citizen or freedman of said tribes. * * * "

This court, in Malone v. Alderdice, 212 Fed. 668, 129 C. C. A. 204, and in Nunn v. Hazelrigg, 216 Fed. 330, 132 C. C. A. 474, decided that:

"The Commission to the Five Civilized Tribes, which made the enrollment of their citizens and freedmen, was a quasi judicial tribunal empowered to determine who should be enrolled and what land should be allotted and in what way it should be allotted to every citizen and freedman, and its adjudication of these questions and of every issue of law and fact that it was necessary for it to determine in order to decide these questions is conclusive and impervious to collateral attack."

The Circuit Court for the Eastern District of Oklahoma in the case of Bell v. Cook, 192 Fed. 597, decided the question in the same way.

To the same effect is Yarbrough v. Spaulding, 31 Okl. 806, 123 Pac. 843; Lawless v. Raddis, 36 Okl. 616, 129 Pac. 711.

It results that the ruling of the trial court in excluding evidence offered for the purpose of showing that the mother of Marche Yekcha was a full-blood was correct, and the judgment below is affirmed.