## MILLER v. THOMPSON.

No. 5022.    Opinion Filed August 10, 1915.

(151 Pac. 192.)

1. **WITNESSES—Knowledge of Witness—Written Instruments—Identification.** Before a witness can be permitted to testify to the signature of a written instrument, when the execution thereof is denied under oath, it must be shown: First, that such witness was present, and saw the instrument executed; or, second, that he was acquainted with the writing and signature of the party; or, third, that such witness is competent to testify to the genuineness of such signature by. a comparison with other writings or signatures admitted or proven to be genuine.

2. **EVIDENCE—Written Instrument—Identification—"Standard of Comparison."** The genuineness of the writing or signature made the basis of comparison, and sometimes called the "standard writing," must be proved by direct or positive evidence, and cannot be established by comparison.

3. **INDIANS—Enrollment Records—Evidence.** The enrollment records of the Commissioner to the Five Civilized Tribes are conclusive evidence as to age of the members of said tribes and freedmen, on transactions had after the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, went into effect.

(Syllabus by Brown, C.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by Martha Miller against J. W. Thompson.
Judgment for defendant, and plaintiff brings error.
Affirmed.

*F. W. Jacobs,* for plaintiff in error.

*J. E. Thrift,* for defendant in error.

Opinion by BROWN, C.   Martha Miller, the plaintiff
in error, who will be hereinafter called the "plaintiff,"
brought this action against J. W. Thompson, the defend-
ant in error, who will be hereinafter called the "defend-
ant," in the district court of Creek county, to quiet title
to the southwest quarter of the southeast quarter of sec-
tion 28, township 16 north, range 10 east; the same being
a part of the land allotted to plaintiff as a homestead by
virtue of her enrollment as a freedman citizen of the
Creek Tribe of Indians.   Plaintiff alleges in her petition
that the cloud upon the title to her said land consists of
a deed bearing date of July 29, 1908, purporting to have
been executed by her.   She alleges that she did not exe-
cute the deed, or authorize any one to execute the same
for her; and that it is a forgery and was made without
her knowledge or consent.   She also alleges that she was
a minor on the date it is claimed she executed the said
deed.   The defendant answers by denying the allegations
of the petition.   The issues were tried to the court and
a judgment rendered in favor of the defendant, and plain-
tiff brings error.

The plaintiff's petition in this court contains 24 as-
signments of error, covering almost every conceivable
question that could be raised in a case of this kind.   How-
ever, upon close study of the record, and contentions of

counsel, the various assignments of error may be classified and disposed of under a very few general heads.

It is insisted here by the plaintiff that she was a minor on the 29th day of July, 1908, at the time it is claimed she executed the deed conveying the land in controversy to the defendant, and that therefore she could not make a valid deed. And she complains because the trial court allowed the enrollment records to be introduced at the trial, and also because of some other evidence tending to show that she was of age. Inasmuch as the alleged transaction took place after the Act of Congress of May 27, 1908 (35 Stat. at L. 312, c. 199), went into effect, the enrollment records of the Commissioner to the Five Civilized Tribes were conclusive as to the age of plaintiff, and therefore competent evidence. *Williams v. Joins,* 34 Okla. 733, 126 Pac. 1013; *Rice v. Ruble,* 39 Okla. 51, 134 Pac. 49; *Perkins v. Baker,* 41 Okla. 288, 137 Pac. 661; *Scott v. Brakel,* 43 Okla. 655, 143 Pac. 510; *Phillips v. Byrd,* 43 Okla. 556, 143 Pac. 684; *Grayson v. Durant,* 43 Okla. 799, 144 Pac. 592; *Smith v. Bell,* 44 Okla. 310, 144 Pac. 1058; *Diamond v. Perry,* 46 Okla. 16, 148 Pac. 88; *Charles v. Thornbugh,* 44 Okla. 379, 144 Pac. 1033; *Malone v. Alderdice,* 212 Fed. 668, 129 C. C. A. 204; *Campbell v. McSpadden,* 44 Okla. 138, 143 Pac. 1138. The enrollment records showed the plaintiff to be of age on the date of the alleged transaction; therefore the court committed no error of which the plaintiff can complain in this regard.

It was also claimed by the plaintiff in the trial court that she could not read and write, and that therefore the signature to the deed was not hers; and during the trial a number of exceptions were taken to the action of the trial court in permitting certain evidence as to hand-

writing to be introduced, and also to the competency of a number of witnesses who testified as to the handwriting of the plaintiff, and assignments of error have been based thereon. Without detailing the various objections and exceptions, we think the rulings of the court were well within the bounds of the law when measured by the rules as laid down by the authorities as to who is a competent witness to testify to handwriting, and also as to what writing may be taken as a standard of comparison. In the case of *Arthur v. Arthur,* 38 Kan. 691, 17 Pac. 187. the Supreme Court of Kansas stated the rule as to the modes of proving the genuineness of a signature to a written instrument when denied under oath thus:

"Before a witness can be permitted to testify to the signature of a written instrument, when the execution thereof is denied under oath, it must be shown: First, that such witness was present and saw the instrument executed; or, second, that he was acquainted with the writing and signature of the party; or, third, that such witness is competent to testify to the genuineness of such signature by a comparison with other writings or signatures admitted or proven to be genuine."

And this rule was laid down as a correct statement of the law by the territorial court of Oklahoma. *Archer et al. v. United States,* 9 Okla. 569, 60 Pac. 268. See, also, Greenleaf on Evidence (16th Ed. Wigmore) section 577; *Rogers v. Ritter,* 12 Wall. 317, 20 L. Ed. 417; 15 Am. & E. Ency. of L. 453 *et seq.*

It was further laid down in the case of *Archer et al. v. United States, supra,* that the genuineness of the writing or signature made the basis of comparison, and sometimes called the "standard writing," must be proved by direct or positive evidence, and cannot be established by comparison. It is insisted by the plaintiff that this rule

of law was violated by the trial court during the progress of the trial, but we have been unable to find where any writing or signature was used as a basis of comparison before it was identified by some positive or direct evidence as the genuine writing or signature of the plaintiff. It is true that the plaintiff denied making every signature or writing that was introduced at the trial which was used as a basis of comparison, but there were other witnesses who testified that such writings or signatures were made by the plaintiff; and, of course, the rule that the "standard writing must be proved by direct or positive evidence" does not mean that the party against whom it is introduced must acknowledge the genuineness of it, but the requirement of the rule is fully met when such genuineness is established by any direct or positive evidence, though coming from other witnesses than the party against whom it is introduced.

There are other assignments of error that have been insisted upon, and we have given them careful consideration; but from an examination of the entire record we are unable to find that the plaintiff was deprived of a substantial right, or that justice was denied in the trial of this case.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.