## McMINN v. JOHNSON COUNTY SAVINGS BANK.

No. 7399.—Opinion Filed June 27, 1916.

Rehearing Denied September 19, 1916.

(159 Pac. 921.)

### Bills and Notes—Actions—Signature—Evidence—Sufficiency.

Where in an action upon a promissory note its execution is denied under oath, and upon the trial such note is admitted in evidence without objection, and other signatures of the alleged maker, admittedly genuine, are also in evidence, and upon comparison of the genuine signatures with the alleged forged note, the court to whom the cause is being tried, without a jury, finds the signature to the note to be genuine, there is evidence reasonably sustaining the plaintiff's cause of action, and a demurrer to the plaintiff's evidence is properly overruled.

(Syllabus by Burford, C.)

Error from County Court, Greer County; Wylie Snow, Special Judge.

Action by the Johnson County Savings Bank against L. J. McMinn to recover upon a promissory note. Judgment for plaintiff, defendant appeals. Affirmed.

H. D. Henry and Gray & McVay, for plaintiff in error.

B. F. Van Dyke, for defendant in error.

Opinion by BURFORD, C. This was an action by the Johnson County Savings Bank against L. J. McMinn to recover upon a promissory note. Defendant denied the execution of the note under oath. Upon the trial the note in question was admitted in evidence without objection. Whatever may have been the effect, under the decisions of this court in Archer et al. v. United States, 9 Okla. 569, 60 Pac. 268, and Miller v. Thompson, 50 Okla. 643, 151 Pac. 192, had there been an objection made, clearly the plaintiff in error cannot maintain error upon the introduction of the note to which he did not object. After the note was introduced in evidence certain letters of the defendant to the assignor of the plaintiff corporation, the signatures to which the defendant admitted, were introduced in evidence. There was no other proof of the genuineness of the signature of the defendant to the note in suit. A demurrer to the evidence was interposed and overruled by the trial court.

It appears from the record that the trial court had before him both the disputed note and the genuine signatures, which for purposes of comparison he might regard as "standard writings." If upon comparing these various signatures he believed, as his judgment imports he believed, that the signature to the note was genuine and was that of the defendant, it was proper to overrule the demurrer to the evidence; the cause being tried to the court without the intervention of the jury.

It was not necessary that witnesses should have been introduced to prove that the signatures to the note were made by the same person who signed the letters used as "standard writings," as it is now almost universally held that the court or jury may themselves make such comparisons.

Mr. Chamberlayne, in his work on Evidence (section 2229), collects a large number of the American decisions sustaining the text, which is as follows:

"Even without the aid of an enabling statute, American courts have conceded exceptional privileges to both court and jury in the use of comparison of hands. Genuine documents already in the case for some other purpose might freely be compared by judge or jury with the disputed writing for the purpose of determining the identity of the writer. The practice on this point, therefore, is substantially the same in the United States as in England. The rule, as was to be expected, continues to apply where the judge sits as a jury."

The trial court was therefore justified in overruling a demurrer to the evidence upon the comparisons alone even in the absence of any evidence of handwriting experts, or witnesses to the actual signing of the note.

This conclusion also disposes of the contention of the plaintiff in the error that the judgment is not supported by any evidence. We have consistently held that the findings of the trial court in an action at law, where the court tries the case without the intervention of a jury, will be given the same weight and effect as those of a jury, and that, as such, if there is any evidence reasonably tending to support the judgment, it will not be set aside. If there was evidence upon which a demurrer to the evidence should be overruled, as we have concluded, there was likewise evidence reasonably tending to support a judgment for plaintiff.

We find no error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.