## MILLER v. THOMPSON.
## SAME v. BRIGHT et al.

Nos. 5024, 5023—Opinion Filed Jan. 24, 1917.

Rehearing Denied March 20, 1917.

(163 Pac. 528.)

1. **Indians—Sale of Allotted Land—Evidence of Allottee's Age.**

Act Cong. May 27, 1908, c. 199, 35 Stat. 312, making the enrollment records of the Commissioner to the Five Civilized Tribes "conclusive evidence as to age," has no application to a transaction relating to a sale of allotted lands concluded prior to the date said act took effect, and it is error for the trial court to permit such record to be introduced in evidence on the question of age of an allottee.

2. **Same—Action to Recover—Hearsay.**

If a Creek freedman, in an action to recover her allotted land upon the ground that she was a minor at the time she executed the deed conveying her title away, testifies that she was born in 1893, the census card is not competent evidence to show that her name appears upon the 1890 Tribal Rolls of the Creek Nation, for the reason that the same is hearsay.

(Syllabus by Brown, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Action by Martha Miller against J. W. Thompson (No. 5024), and action by said Martha Miller against Samuel Bright and others (No. 5023). Judgment for defendants and plaintiff brings error. Reversed and remanded, with instructions to grant plaintiff

a new trial.

F. W. Jacobs, for plaintiff in error.

J. E. Thrift, for defendant in error Thompson.

L. J. Roach, for defendants in error Bright and others.

Opinion by BROWN, C. The first cause above named was an action in ejectment, brought by Martha Miller, plaintiff in error, who will be hereinafter called plaintiff, against J. W. Thompson, defendant in error, who will be hereinafter called defendant, in the district court of Creek county, to try the title to 40 acres of land, described as the N. W. ¼ of the S. E. ¼ of section 28, township 16 north, range 10 east, the same being a part of the surplus allotment of said Martha Miller, a Creek freedman. Said cause was tried to a jury, and resulted in a verdict for the defendant, and judgment was rendered accordingly.

The second cause of action was brought by the same plaintiff against Samuel Bright and others, defendants in error, who will be hereinafter called defendants, to recover possession and quiet title to 80 acres of land, described as the S. W. ¼ of the S. W. ¼ of section 14, and the S. E. ¼ of the N. E. ¼ of section 22, township 16 north, range 10 east, the same being a part of plaintiff's surplus allotment as a Creek freedman.

At the trial of the cause of Martha Miller against J. W. Thompson, supra, it was stipulated that the judgment of the court in the last-named cause should depend upon the answers of the jury to certain interrogatories touching questions as to age of the plaintiff and the forgery of a certain purported deed conveying her said land to the defendant Grayson, who afterwards transferred the land, and it ultimately reached the hands of defendant McWilliams. The jury in the first cause answered the interrogatories against the contention of the plaintiff, finding that she was of age at the time of the alleged execution of said deed, and also that it was her genuine deed. Thereupon judgment was rendered for the defendants, as per said stipulation.

The plaintiff brings error to this court for the purpose of having the record of the trial court reviewed in both the above causes, and by agreement of all the parties to said actions it is agreed that they may be disposed of as if there were only one suit, inasmuch as the questions for determination in both are similar.

This court has recently decided a companion case to these, to wit, Miller v.

Thompson, 50 Okla. 643, 151 Pac. 192, in which the same questions were disposed of as are insisted upon in the instant cases, with one exception, and it will be unnecessary for us to repeat here what we said there.

The alleged deeds purporting to convey the lands involved in the instant cases were executed prior to the time the act of Congress of May 27, 1908 (35 Stat. at L. 312, c. 199), went into effect. The trial court admitted the enrollment record of the plaintiff as evidence to be considered by the jury in determining whether or not she was of age at the time it is alleged she executed the deeds conveying her said lands. Plaintiff insists that this was error on the part of the trial court, and that she was deprived of a substantial right thereby.

The question of the admissibility of the enrollment records of the Five Civilized Tribes of Indians as evidence of age in transactions which had been wholly completed before the act of Congress of May 27, 1908, went into effect, has been before this court a number of times, and it has been repeatedly held that such act has no application to a transaction completed prior to the date it went into effect. In the case of Phillips et al. v. Byrd, 43 Okla. 556, 143 Pac. 684. it was held:

"The act of Congress of May 27, 1908 (35 Stat. L. 313), in part provides: '* * * The enrollment records of the Commissioner to the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of said citizen or freedman.' Held, that such act is not, nor was it, intended to be a rule of evidence; but the purpose of said act is to prescribe terms and conditions upon which members of the Five Civilized Tribes of Indians may alienate their lands, and to prescribe a fixed and uniform rule by which those contracting with such members of said tribes could determine the exact date minors may reach their majority for the purpose of alienating their lands. That part of said act of Congress, quoted supra, has no application to a transaction relating to a contract or sale of lands completed prior to the date said act took effect."

See, also, Charles v. Thornburgh, 44 Okla. 379, 144 Pac. 1033; Diamond v. Perry, 46 Okla. 16, 148 Pac. 88; Perkins v. Baker, 41 Okla. 288, 137 Pac. 661; Scott v. Brakel, 43 Okla. 655, 143 Pac. 510; Grayson v. Durant, 43 Okla. 799, 144 Pac. 593; Smith v. Bell, 44 Okla. 370, 144 Pac. 1058. It is therefore settled that the act of Congress of May 27, 1908, is not, and was not, intended to be a rule of evidence, and, these being transactions which had been completed prior to the date said act took effect, it must be proceeded with and tried as if the said act had never been passed; in other words, if the enrollment records of the Five Civilized Tribes of Indians are admissible for any purpose on transactions completed before said act went into effect, they must be admitted on other grounds than under and by virtue of said act.

In the case of Charles v. Thornburgh, supra, the court, in speaking of the admissibility of such records in completed transactions before the act of May 27, 1908, went into effect, said:

"In our opinion, for the reasons already stated, the enrollment records were not competent evidence for any purpose, and such was the conclusion reached by this court in the case of Grayson et al. v. Durant et al. supra."

In case of Smith v. Bell, supra, in speaking of the same matter, the court made use of the following language:

"In fact, the records were purely hearsay and inadmissible for any purpose."

But the defendants in the instant cases insist that the said enrollment records show that the plaintiff appeared on the rolls of the Creek Tribe of Indians of 1890, and that inasmuch as the plaintiff testified in the case that she was born in 1893, subsequent to the date of compiling the said rolls of 1890, the census card, which was plaintiff's enrollment record, should have been introduced for the purpose of contradicting her statement, and in support of their contention they cite us to the case of Priddy v. Boice, 201 Mo. 309, 99 S. W. 1055, 9 L. R. A. (N. S.) 718, 119 Am. St. Rep. 762, 9 Ann. Cas. 874. We have carefully considered that case; the point involved was whether or not certified copies of the census returns of the federal government are admissible in evidence upon the question of age of a citizen deceased since the return was made. The court held that they were admissible, and we think very properly so. The census returns are public records, required by law to be made and kept by sworn public officials of the law, and by law required to contain the name, age, sex, color, occupation, etc., of each inhabitant; and the learned judge who rendered the opinion of the court in that case in the course of the opinion said:

"That such documents, being official registers, are admissible in evidence in so far as they contain statements as to matters which the law requires should be inquired into, reported upon, and then recorded."

The point under consideration in that case is very different from the point under consideration in the instant case—there was no statute or treaty that required the Commission to the Five Civilized Tribes, in mak

ing the rolls of the Creek Citizens and Freedmen, to ascertain their ages, or to make any finding that their names appear upon the Creek rolls of 1890. Malone v. Alderdice, 212 Fed. 668, 129 C. C. 204; Hegler v. Faulkner, 153 U. S. 109, 14 Sup. Ct. 779, 38 L. Ed. 653; Grayson v. Durant and authorities cited supra. Hence the court committed error in permitting the enrollment records to be introduced in evidence over the objection of the plaintiff.

For the foregoing reasons, the judgment of the trial court should be reversed and set aside, and the cause remanded, with instructions to grant plaintiff a new trial.

By the Court: It is so ordered.