## RICHARDSON v. THOMPSON et al.

No. 5036.    Opinion Filed September 22, 1913.

Rehearing Denied January 27, 1914.

(138 Pac. 177.)

**APPEAL AND ERROR**—Decisions Reviewable—**Final Orders.**    Where the order sought to be reviewed is not a final order, as defined by Rev. Laws 1910, sec. 5237, the proceeding in error will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by Vironia Thompson and others against Katie Richardson. Judgment for plaintiffs, and defendant brings error. Dismissed.

*Frank F. Lamb,* for plaintiff in error.

*Geo. C. Beidleman,* for defendants in error.

TURNER, J. From a judgment of the district court of Okmulgee county, rendered and entered herein on April 2, 1910, decreeing Vironia Thompson and the minor heirs of Melvina P. Beddoe, plaintiffs below, to be the owners of an undivided one-third of the surplus allotment of Keltie Harrison, deceased, Albert Anderson to be the owner of the remaining two-thirds, and Katie Richardson, his widow, plaintiff in error, to be the owner of his homestead, and that the same, other than the homestead, be partitioned between said Anderson and said plaintiffs, and appointing commissioners for that purpose, Katie Richardson, one of the defendants, appealed to this court, but the same was dismissed. *Richardson v. Beidleman,* 33 Okla. 463, 126 Pac. 818. Later the mandate of this court was spread of record, and the commissioners made their report, in effect that partition could not be made without injury to the parties, and appraised the same in four separate tracts, at a total valuation of $1,330. On January 16, 1913, Katie Richardson made known to the court:

"That on April 2, 1910, an order was made and entered herein determining the interests of the various parties to the lands in controversy. That commissioners were duly appointed to partition the lands in question. That said commissioners made a report as required by law, and that one Albert Anderson, one of the defendants herein, filed an election to purchase the interest of the plaintiffs at the appraised price. That since said time no further proceedings have been had. That from the said order this defendant attempted to appeal, and that the said appeal was dismissed out of the Supreme Court, and that the mandate of said court has been returned into this court. That no final judgment has been entered in said cause"

—and moved the court " * . * * to cause a final judgment to be made and entered in said cause." Acting thereupon, the next day the following was rendered and entered by the court:

"It appearing to the court that the interests of the parties in the lands to be partitioned have been merged, there is no further necessity for further proceedings in this cause upon said partition, and that said case is closed. It is therefore ordered, adjudged, and decreed by the court that the motion filed herein for final judgment in said cause is overruled, exceptions allowed all parties"

—to reverse which she commenced this proceeding in error. When her appeal was dismissed the judgment of April 2, 1910, became final as to her, and fixed her rights in and to the homestead as her sole interest in the land in controversy. For the reason that the subsequent proceedings in partition could not affect her homestead they interested her no more, and hence the order sought to be reviewed is not a final order as defined by Rev. Laws 1910, sec. 5237, in that the same does not affect any substantial right of Katie Richardson in this cause.

The motion to dismiss her appeal is sustained.

All the Justices concur.