## GROVES NAT. BANK *et al.* v. BAKER.

No. 4209. Opinion Filed May 4, 1915.

(148 Pac. 714.)

**INFANTS—Actions—Summons in Error—Service on Next Friend.** Service of summons in error on the next friend of an infant, defendant in error, is not sufficient to confer jurisdiction of a proceeding in error upon this court under sections 5238 and 4721, Rev. Laws 1910.

(Syllabus by the Court.)

*Error from County Court, Harmon County;*
*C. W. King, Judge.*

Action between the Groves National Bank and others and Guy Baker, a minor. From the judgment, the parties first mentioned bring error. Dismissed.

*Mounts & Davis* and *Gray & McVay*, for plaintiffs in error.

*Fowler & Madden,* for defendant in error.

BROWN, J. This is an appeal upon transcript from a judgment of the county court dismissing the appeal therein from the justice court, the judgment of the county court having been rendered January 24, 1912.

The defendant in error was an infant under the age of 21 years, whose exact age is not disclosed by the record. Summons in error was issued, and served by the sheriff by delivering a copy of the same "to Edgar Sims in person (Guy Baker's next friend"), who represented said minor in the trial court. Section 5238, Rev. Laws 1910, after reciting how a proceeding in error may be instituted, says:

"And thereupon a summons shall issue and be served, or publication made, as in the commencement of an action."

Section 4721, Rev. Laws 1910, relative to service of summons on an infant at the commencement of an action, provides:

"When the defendant is a minor, under the age of 14 years, the service must be upon *him and* upon his guardian or father, or if neither of those can be found, then upon his mother, or the person having * * * care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than 14 years of age, service on him alone will be sufficient."

In *Scott v. Brown*, 40 Okla. 184, 137 Pac. 113, Mr. Justice Turner, speaking for the court, held that, where summons in error is issued and served upon their guardian and not upon the minors, who by their guardian were

plaintiffs in the court below, nor upon their attorneys, such service fails to comply with sections 5238 and 4721, Rev. Laws 1910. There is no distinction where the minors are represented by a next friend, for he merely performs a duty which a guardian may perform and derives his power from section 4686, Rev. Laws 1910, as follows:

"The action of an infant must be brought by his guardian or next friend."

In either case it is necessary to serve the minor or his attorney of record below. The statute in this regard must be strictly followed.

The court having acquired no jurisdiction of this case, the appeal is dismissed.

All the Justices concur.