## BRUNER v. NORDMEYER.

No. 6857.   Opinion Filed June 22, 1915.
(150 Pac. 159.)

1. **APPEAL AND ERROR—Petition in Error—Right to Amend.** Within the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course.

2. **SAME.** A petition in error may be amended, after the expiration of the time allowed for bringing proceedings in error, where the amendment is one of form and not of substance; and where certain necessary defendants in error have, within proper time, been brought into this court by summons in error, or waiver thereof in writing, but their names were inadvertently omitted from the petition in error, an amendment, inserting their names, is one of form, and not of substance.

3. **APPEAL AND ERROR—Infants—Summons in Error—Personal Service on Minor.** Where it is sought to bring defendants in error into this court by personal service of summons in error on such parties, the summons must be served in the manner required in the commencement of an action in the trial court.

   (a) In case such party is a minor, over the age of 14 years, he may be served personally, in like manner as an adult.

   (b) If the minor is under 14 years of age, the summons in error must be personally served "on him, and also on his guardian and father," or if neither of those (guardian or father) can be found, then upon his mother, or the person in control of him, or with whom he lives; if either of such persons can be found, preference being given in the order named.

4. **INFANTS—Summons in Error—Personal Service on Minor.** Personal service of a summons in error alone on the "guardian," or "next friend," of an infant is bad, and fails to give this court jurisdiction of the infant, for the simple, but quite sufficient, reason that it is not authorized by statute.

5. **APPEAL AND ERROR—Infants—Summons in Error—Service—Waiver.** A summons in error, however, may be served on the attorney of record in the lower court, just as effectually and with as much binding force as if served upon the party; and such attorney of record, upon whom it would be legal to serve a summons in error, may, in writing, "waive the issuing and service" of the same; and, as the statute authorizing this method of ob-

taining jurisdiction makes no exceptions, it applies to defendants in error, who are minors, and irrespective of their age, and with like effect as to adults.

(Syllabus by Brewer, C.)

*Error from the District Court, Pontontoc County; Tom D. McKeown, Judge.*

Action by G. C. Nordmeyer against J. M. Bruner. Judgment for plaintiff, and defendant brings error, and plaintiff moves to dismiss. Motion denied.

*H. West,* and *Stuart, Cruce & Cruce,* for plaintiff in error.

*C. F. Green,* for defendant in error.

Opinion by BREWER, C. The following grounds are set up as sufficient to cause the dismissal of this appeal: (1) Because some of the parties in the trial court are not made parties in the petition in error; (2) because of want of proper service of summons in error on Laura Underwood, a minor. The second ground is disputed by plaintiff in error, who shows that the attorney for the minor waived the issuance and service of summons in error. The first ground is admitted; but it is met with a formal motion, asking to amend the petition in error by adding the names of the omitted defendants below. We will consider these points in the order of their first statement above.

1. Can the petition in error be amended, by the insertion of names of omitted parties? In this case, defendant in error, Nordmeyer, was the plaintiff below, and plaintiff in error, Bruner, was one of several defendants, one of whom, Laura Underwood, was a minor. The defendant, Bruner, seems to have been the only party dissatisfied with the result of the judgment, and he alone

brings error.   Case-made was served on plaintiff, Nord-meyer, and all of Bruner's co-defendants.   They all signed stipulations, waiving the right to suggest amendments and as to settling and signing case-made, and the stipulation further recited:

"We, the undersigned plaintiff and defendants, on whom service of the above and foregoing case-made was had, do hereby waive the issuance and service of summons in error from the Supreme Court of the state of Oklahoma."

Except as to the minor, it is not disputed but that the remaining parties would be properly in this court if they had been brought into the wording of the petition in error.   The case-made contains all the proceedings as affecting all these parties, was served on all of them, and is attached to and by specific language made a part of the petition in error.   The caption of the petition in error names only Nordmeyer as defendant in error, but in the body of the petition, the proceedings are described as resulting in a judgment against Bruner, "wherein G. C. Nordmeyer is plaintiff and J. M. Bruner *et al.* is defendant."   If, instead of referring to the other parties by "*et al.*," the names had been properly inserted in the body of the petition in describing the cause, and averring error it could hardly be contended that they were not sufficiently described as defendants in error, even though not designated as such in the caption.   Therefore it seems to us that to allow them inserted now is merely to allow an amendment as regards a mere formal matter, which, for the reason that the parties are already properly in this court, could not substantially prejudice their rights. It is true that the petition in error cannot be amended as to any matter of substance, after the time allowed

48—14

for appeal has expired; but the adding or striking out of the name of a party, where process has been duly served upon him, thus bringing him before the court, is not a matter of substance. We think the decisions of this court furnish abundant authority to support the holding that an amendment as to form only, and not of substance, may be made as herein ruled.

In *Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co.*, 23 Okla. 824, 102 Pac. 708, it was said in the syllabus:

"A petition in error, in the title of which defendants in error are designated by their firm name only, is not fatally defective, and will not, on such account, be dismissed without first giving leave to plaintiff in error to amend, where the judgment appealed from is correctly described in the petition in error, and where such petition in error, aided by the case-made, which is attached to, and made a part of, the petition in error, discloses the names of the individuals constituting the partnership."

In *Haynes et al. v. Smith*, 29 Okla. 703, 119 Pac. 246, the rule is stated as follows:

"Within the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course.

"(a) After the expiration of such time, matters of form, as a rule, may be corrected, but no new allegations of error can be made."

And in *McConnell v. Cory*, 33 Okla. 607, 127 Pac. 259, it is held:

"Within the time allowed for bringing proceedings in error in this court, amendments to a petition in error are generally allowed as of course; thereafter matters of form, as a rule, may be corrected, but no new allegations of error can be made."

In *Thompson et al. v. Murray,* 34 Okla. 521, 125 Pac. 1133, it appears that the motion for a new trial was overruled May 31, 1910, and the proceedings in error filed in this court May 29, 1911. On June 23d, defendant in error filed a motion to make the petition in error more definite and certain by stating the names of the plaintiffs in error on behalf of whom the petition in error was prosecuted, which motion was, on September 12th, sustained, showing that an amendment of such a character is permissible, although the above case was afterwards dismissed for failure to comply with the order of amendment and for other grounds.

For the reason that its facts are so similar to the case at bar, and the rule announced is so in accord with our holaing here, we set out the following from the Supreme Court of Texas, in *Coe et al. v. Nash,* 91 Tex. 113, 41 S. W. 473:

"Anne E. Prather, one of the defendants in the court below, and one of the appellants in the Court of Civil Appeals, filed a motion in this court to dismiss the writ of error because W. N. Coe, the principal, and she, Anne E. Prather, and others who were sureties upon the first bond of W. N. Coe, were not made parties to this writ. All of the parties named except Anne E. Prather filed acceptance of service in this court. Article 942, Rev. St. 1895, so far as it is pertinent to this question, is in the following language: 'Any party desiring to sue out a writ of error before the Supreme Court shall present his petition addressed to said court, stating the nature of his case and the grounds upon which the writ of error is prayed for, and showing that the Supreme Court has jurisdiction thereof; and the petition shall contain such other requisites as may be prescribed by the Supreme Court.' It will be seen that the statute does not require a petition to name all the parties to the proceeding. However, it would be better that it should do so, to guide the

clerk in issuing the citation.  At a former day' of this term we overruled a motion of a similar character without written opinion, but we have concluded that it is better briefly to state the grounds for our action upon this motion.  The failure to name the parties in the petition is of no consequence if they had been cited according to law, because it is not a requisite of the statute, and the filing of the petition in compliance with the statute has the effect to remove the cause to this court when the writ is granted.  The parties not named, having accepted service, and Anne E. Prather having appeared the whole object of the law is accomplished, which is to bring the parties, by proper notice, before the court.  The motion to dismiss is therefore overruled."

The plaintiff in error should be allowed to amend the petition in error herein, by setting out the names of the other defendants in the court below as defendants in error in this court.

2.  Is the minor, Laura Underwood, properly before this court?  This depends upon whether the attorney of record for a minor in the trial court can waive servic: o' summons in error out of this court.  And this, of course, depends upon a construction of the statute. prescribing the methods of obtaining jurisdiction in this court over parties in the trial court, sought to be brought here.  Section 5238, Rev. Laws 1910, provides:

"The proceedings to obtain such reversal, vacation or modification, shall be by petition in error, filed in the Supreme Court, setting forth the errors complained of; and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action. A service on the attorney of record, in the original case, shall be sufficient."

Section 5239, *Id.*, provides:

"* * * The defendant in error, or his attorney, may waive, in writing, the issuing or service of summons."

Section 4721, *Id.*, provides the method of service on a minor at the "commencement of an action" as follows:

"When the defendant is a minor, under the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of those can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service on him alone will be sufficient. The manner of service may be the same as in the case of adults."

In *Scott et al. v. Brown et al.*, 40 Okla. 184, 137 Pac. 113. it is held that in bringing a minor into court, the statute providing the method of service must be strictly followed, and that with the application of that doctrine, service on the guardian of a minor of a summons in error was insufficient to give this court jurisdiction of the person of the minor. That holding was clearly right; for where it is sought to bring a party here by personal service on such party, we are referred to and required to act under the statute (section 4721, Rev. Laws 1910, in case of minors), relating to service at the "commencement of the action." Going to that statute for our guide, it is found that jurisdiction of a minor cannot be obtained over the person of a minor at the commencement of an action by serving the summons on his guardian alone. In case the minor is under 14 years of age, service must be had upon him and his guardian, or father, or if neither of those (guardian or father) can be found, then upon his mother, or the person in control of him, or with whom he lives, if such person can be found. If, however, the minor is more than 14 years of age he alone

may be served with the summons personally, just the same as it would be made upon an adult. Therefore, there is no statutory authority for serving the guardian alone at the commencement of an action; and it follows that none exists where the summons is in error. To the same effect is the holding in *Groves Nat. Bank v. Baker,* 47 Okla. 368, 148 Pac. 714. In that case the service of summons in error was made on the next friend in the trial court. The service was bad, and gave this court no jurisdiction of the minor, for the simple, but quite sufficient, reason that such service is nowhere authorized by statute.

In each of the cases referred to, it was sought to serve personally on the parties in suit. Therefore, as was held, the service must be made on the party and in the manner required, when the action is originally brought in the trial court. But this is not the only method of bringing the parties here. They can, just as effectually, be brought into this court by service of summons in error on the "attorney of record" in the original case if, as is usually the case, there is such an attorney. This clause of the statute is of equal dignity with the other, and furnishes an alternative method of service, either of which may be pursued at the option of plaintiff in error. This statute is general, and no class of parties is excepted from its operation; and it must apply to minors, as well as all other parties sought to be brought here.

Including minors in the operation of this statute cannot be criticized on any grounds we can conceive of; it tears down no safeguard from around a minor, whose rights and interests should be, and are, the especial care of the courts. When his case comes here for review, of all persons, his attorney of record, who has contended

for him below, is best calculated and most likely to protect him here. Then, it appearing that the attorney of record is a proper person upon whom to serve summons in error, does it not follow that he can waive it? It must so follow, if the plain language of the statute is given effect, provided such waiver is shown to have been made according to the terms of the statute:

"The defendant in error, or his attorney, may waive, in writing, the issuing or service of the summons."

No analysis of this language is needed; and, if attempted, it could not make more clear a meaning about which there can be no doubt.

In *Hill v. Hill et al.* [152 Pac. 1122] (not yet officially reported), it is held that the appearance of the attorneys of record, with briefs, oral argument, motions, and the giving of bond, etc., in the case was an appearance in this court and gave it jurisdiction, and some of the defendants in error to whom the ruling was applied were minors. The opinion does not make any distinction as between the minors and the adults, simply holding all of them alike were before the court. We think there can be no doubt but that a minor may be brought into this court and jurisdiction be obtained of him, by service of summons in error, issued against him, on his attorney of record in the court below, as shown in the record filed here, and that the same may be as fully accomplished by a waiver, in writing, signed by such attorney and filed in this court.

The motion to dismiss should be denied, and the cause stand for submission and decision on its merits.

By the Court: It is so ordered.