## GOODWIN v. MULLEN *et al.*

No. 4555. Opinion Filed July 6, 1915.

(150 Pac. 680.)

**INDIANS—Conveyance by One Out of Possession—Validity—Champerty.** By reason of section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910), a deed conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, is void as between the grantee and a person who was, at the time of the conveyance, in adverse possession of the conveyed premises; and this rule applies where the grantor is an allottee of the Chickasaw and Choctaw Tribes of Indians upon whose power to alienate his allotment the restrictions have been removed prior to the time of the execution of the deed, and where the person in possession originally obtained possession and claims title to the conveyed premises by virtue of a void deed executed by the allottee before the removal of restrictions upon his power to alienate his allotted lands.

(Syllabus by Galbraith, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by J. A. Goodwin against J. S. Mullen and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Goodwin v. Mullen et al.

*Potterf & Walker*, for plaintiff in error.

*H. A. Ledbetter*, for defendants in error.

Opinion by GALBRAITH, C. This was an action in ejectment, and involves the title and right to the possession of the surplus allotment of Benson Page, a Choctaw Indian, of one-half blood. The land is described by metes and bounds in the petition. There was a trial to the court and a jury. At the close of the evidence both the plaintiff and defendants moved for an instructed verdict. The court took the cause from the jury, and rendered judgment in favor of the defendants. To review this judgment, the plaintiff has brought the case here.

There is no controversy about the controlling facts. It is agreed that the land involved was the surplus allotment of Benson Page; that the restrictions against the alienation of his surplus allotment had been removed by the act of May 27, 1908; that Benson Page became of age on the 29th day of September, 1909; that on the 3d day of July, 1909, he executed a warranty deed, attempting to convey his surplus allotment to the defendant Edgar A. Bancroft; that this deed was duly recorded, and that Bancroft entered into the possession of the land thereunder, and retained possession of the premises from that date to the date of the trial; that on the 27th day of September, 1909, the allottee, Benson Page, executed a warranty deed for the land involved to the plaintiff in error, J. A. Goodwin; that this deed was also duly recorded; that the allottee executed, on the 24th day of November, 1909, a second deed for the land to Edgar A. Bancroft, but that this deed was not placed of record; that on the 6th day of December, 1909, the allottee executed a second deed for the land to the plaintiff in error, J. A. Goodwin; that Goodwin claims title to the land by virtue of the deeds

from Benson Page of September 27, 1909, and December 6, 1909, and that Bancroft claims title by reason of the deeds of July 3, 1909, and November 24, 1909; that Mullen's claim to the possession is under a lease from the allottee from January 1, 1909, to July 3d, and as the tenant of Bancroft subsequent to that date.

The questions presented by this appeal, as set out in the brief of plaintiff in error, are as follows:

"(a) Did the defendants hold the title to this land adverse to the allottee, Benson Page, after the execution of the deed to defendant Bancroft, dated July 3, 1909?

"(b) Is the conveyance of the plaintiff in this case void by reason of the champerty act, as set out in section 2215, of the Compiled Laws of 1909, and section 2260 of the Revised Laws of 1910?"

The answers to these questions dispose of this case. Upon authority of *Miller v. Fryer,* 35 Okla. 145, 128 Pac. 713, an affirmative answer must be returned to each of the above questions. The syllabus of that case is as follows:

"By reason of section 2215, Comp. Laws 1909, a deed conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, is void as between the grantee and a person who was, at the time of the conveyance, in adverse possession of the conveyed premises; and this rule applies where the grantor is an allottee of the Chickasaw and Choctaw Tribes of Indians, upon whose power to alienate his allotment the restrictions have been removed prior to the time of the execution of the deed, and where the person in possession originally obtained possession and claims title to the conveyed premises by virtue of a void deed executed by the allottee before the removal of restrictions upon his power to alienate his allotted lands."

It is admitted that the allottee, if he had been an adult when he executed the deed of July 3, 1909, could

have conveyed the title, but it is also admitted that he was a minor at that time, and for that reason the deed was void. Still Bancroft entered into possession of the premises at the time of the execution of that deed, and was in possession, and the allottee was out of possession, at the date of the execution of the deed to Goodwin on September 27, 1909, as well as that of December 6th, and he was also a minor at the time of the execution of the first deed to Goodwin. This deed to Goodwin is void for the same reason that Bancroft's first deed was void. The deed to Goodwin of December 6, 1909, was not effective to convey title to land, for the reason that the grantor was out of possession and Bancroft was then holding adversely to him, and for that reason that deed was in violation of section 2215, Comp. Laws 1909 (section 2260, Rev. Laws 1910). In the course of the opinion in *Miller v. Fryer*, Mr. Justice Hayes, speaking for the court, in discussing section 2215, says:

"The common-law rule did not require, nor does the statute here involved require, as an element of its violation that the person in possession at the time of the conveyance shall have been in adverse possession for a period of one year. On the other hand, the statute is violated, not only if the grantor is out of possession, and there is some one in adverse possession at the time of the conveyance, but if the grantor is in possession, but has not been in actual or constructive possession, in person or by those by whom he claims, for the period of one year, nor has taken the rents and profits thereof for said period of time. Whatever may be the character of defendant's possession before the removal of the restrictions upon the alienation by the allottees at the time this conveyance was made, plaintiff was not in possession. Defendant then was in adverse possession under the admitted facts in this record; and by reason of that fact the deeds executed by the allottee to plaintiff constituted the violation of the

statute, and are, as between plaintiff and defendant in possession, void."

See, also, *Ruby v. Nunn*, 37 Okla. 389, 132 Pac. 128; *Martin v. Cox et al.*, 31 Okla. 543, 122 Pac. 511.

It thus appears that the allottee had no right to convey the land to the plaintiff in error, and did not pass title thereto to him, that he did not convey title by the deed of September 27th, for the reason that he was then a minor, and was out of possession of the land and the same was held adversely by the defendants in error, and that the deed of December 6th, for the reasons last above given, was likewise ineffectual to convey the title, and this deed, as well as the first, was executed in violation of the provisions of section 2215 of the statute, and we therefore conclude that the judgment of the trial court was right and should be affirmed.

A number of assignments relative to the admission and exclusion of evidence are argued, but these errors, if any, were harmless since the controlling facts were admitted and the cause was determined upon the law applicable to the admitted facts.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.