## TYLER v. ROBERTS et al.

No. 5410.    Opinion Filed October 12, 1915.

Rehearing Denied March 28. 1916.

(156 Pac. 201.)

1. **APPEAL AND ERROR—Record—Case-Made—Service.** Under sections 5238 and 5242, Rev. Laws 1910, service of case-made and notice of time and place of settlement of case-made may be made upon the "attorney of record in the trial court" as well as personally upon the parties.

2. **SAME**—The attorney of record for two parties cannot, by accepting service of a case-made for one of his clients only, deny to the plaintiff in error the right given by the above statutes and service upon the "attorney of record" is good as to both defendants in error.

3. **CHAMPERTY AND MAINTENANCE—Deeds—Right to Relief—Validity as Against Third Parties.** Although a deed is void as champertous under section 2260, Rev. Laws 1910, as against the party in adverse possession of the premises asserting a hostile title to the grantor, such deed is not void as between the grantor and grantee, and where the grantor and grantee in such deed join in an action to cancel the deed of the adverse claimant, following Cannon v. Johnson et al., 40 Okla. 695, the plaintiff allottee still

retaining the legal title to the land which inures to the benefit of his grantee, and a judgment for the plaintiffs, notwithstanding such champertous deed, should be sustained.

(Syllabus by Galbraith, C.)

*Error from District Court, Nowata County;*

*T. L. Brown, Judge.*

Action by W. E. Roberts, Sr., and another against H. F. Tyler and others. From a judgment for plaintiffs, defendant Tyler brings error. Affirmed.

*S. H. Lattimore* and *B. A. Lewis,* for plaintiff in error.

*Alva C. Hough, W. D. Humphrey,* and *J. T. Roberts,* for defendants in error.

Opinion by GALBRAITH, C. W. E. Roberts, Sr., and John Carter commenced this action in the trial court to remove cloud and quiet the title to 80 acres of the allotment of John Carter, a Cherokee freedman, located in Nowata county, Okla. The defendants, other than H. F. Tyler, disclaimed interest, and Tyler claimed title to the land under a deed from the allottee dated July 23, 1906, while Roberts, Sr., claimed title under a deed from the allottee under date of September 8, 1911. It was claimed by the plaintiffs in the action that John Carter, the allottee and grantor in the deed under which Tyler claimed title, was a minor at the time of the execution of that deed, and for that reason the same was void and conveyed no interest in the land; while it was claimed on behalf of Tyler that he was in the adverse possession of the premises when the deed under which Roberts claimed was executed, and that the grantor of that deed had not been in possession of the premises or collected rents therefrom for more than a year prior to the date thereof, and for that reason that deed was champertous

and void. There was a trial to the court and a finding to the effect that John Carter, the allottee, did not arrive at his majority until March 10, 1911, and therefore the deed under which Tyler claimed was void, and should be canceled, and finding that Roberts, Sr., was the owner of the legal title of the land, and that the same should be quieted in him, and decreed accordingly. From this decree Tyler has perfected an appeal to this court.

A motion has been presented on behalf of Roberts, one of the defendants in error, to dismiss the appeal on the ground that the case-made was never served upon John Carter, and that he had no notice of the time and place of settlement of the case-made, and that no summons in error was served upon him or waived by him. The grounds of this motion, if supported by the record, would be well taken, but, under the facts as disclosed by this record, the motion cannot be sustained. It appears that Roberts and Carter, the plaintiffs in the trial court, were represented by the same attorney, who also appears for Roberts in this court. There is nothing in the record to show that this attorney ever withdrew his appearance for John Carter, but it does appear that when the case-made was served upon him he sought to limit his appearance, and accepts service thereof, "as attorney for appellee, W. E. Roberts, Sr." His acceptance of notice of the time and place of settling the case-made is also attempted to be limited, since he signs himself "as attorney for W. E. Roberts, Sr." The fifth paragraph of the syllabus in the case of *Bruner v. Nordmier*, 48 Okla. 415, 150 Pac. 159, reads:

"A summons in error, however, may be served on the attorney of record in the lower court, just as effectually

and with as much binding force as if served upon the party; and such attorney of record, upon whom it would be legal to serve a summons in error, may, in writing, 'waive the issuing and service' of the same; and, as the statute authorizing this method of obtaining jurisdiction makes no exceptions, it applies to defendants in error, who are minors, and irrespective of their age, and with like effect as to adults."

The case of *Scivally & Hodges v. Doyle,* 50 Okla. 275, 151 Pac. 618, was sought to be dismissed on the same grounds as in the instant case, and the court in denying the motion said:

"By section 5238, Rev. Laws 1910, it is provided that the summons in error may be served on the attorney of record in the original case. Summons in error in this case was served pursuant to this statute, on one of the attorneys of record. By section 5242, Rev. Laws 1910, it is provided that the case-made may be served on the attorney of record. It has been decided repeatedly by this court that a waiver of notice of the time and place of settling and signing the case-made may be signed by the attorney of record for the party. It appears from the journal entry that Mr. Coleman appeared as attorney for the defendant, and service of the case-made on him was sufficient, and a waiver by him of notice of settling of the case-made was sufficient. To hold otherwise would be to set a trap in which the most cautious might be caught, and would enable a litigant to employ counsel, let the record show that he appeared, and after the plaintiff in error had served his case-made on him, and it was too late to make other service, then to repudiate the authority of his attorney, and thus defeat the appeal. This cannot be done."

Since this attorney appeared for John Carter at the commencement of the suit, and was his attorney of record during the trial of the cause in the court below, we know

of no rule of law that would permit him to relieve himself from the responsibilities of such appearance, and to limit his authority to act for one of the parties whom he represented in the trial court and not the other. The acceptance of service of the case-made and of the notice of the time and place of settling the same by the attorney of record for Roberts and Carter, although he attempted to limit the acceptation to one of his clients, was good as to both, and the motion to dismiss therefore is denied.

The admission in evidence at the trial of the enrollment record of John Carter, the allottee, is assigned as error. The objection made to this evidence when offered was that "the same is incompetent, irrelevant, and immaterial, and is not the best evidence." This record, so far as it affected the issue as to the minority of the allottee at the time of the execution of the deed under which Tyler claimed, July 23, 1906, was incompetent. *Grayson v. Durant*, 43 Okla. 799, 144 Pac. 592, but as affecting the issue relative to the deed under which Roberts claimed, September 8, 1911, it was competent and relevant and conclusive as to the age of the allottee. *Diamond et al. v. Perry*, 46 Okla. 16, 148 Pac. 88; *Miller v. Thompson*, 50 Okla. 643, 151 Pac. 193. There was no request made to the trial court to restrict or limit this evidence to the one issue on which it was competent, and to exclude it as to the other on which it was incompetent. There was other evidence, that of living witnesses, who testified as to the age of John Carter, tending to prove that he did not reach his majority until March 10, 1911, and to support the finding of the trial court that he was a minor at the time of the execution of the deed of July, 1906. It there-

fore appears that the admission of· this evidence, over the objection made, was not prejudicial error.

And, again, it is contended, on behalf of the plaintiff in error, that the deed of September 8, 1911, under which Roberts claimed title to the land in controversy, was champertous and void under the statute (section 2260, Rev. Laws 1910), as construed by this court in a long line of decisions, commencing with *Hutson v. Scott*, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 755, and extending down to *Goodwin v. Mullen et al.*, 48 Okla. 699, 150 Pac. 680.

The testimony shows that the land in controversy was located in the midst of a large pasture, inclosed by fence and controlled by a man by the name of Moore, and that Moore recognized Tyler as the owner of the land in dispute, and paid him rental therefor, and that the allottee, John Carter, had not been in possession of that land, and had not collected rents therefrom for more than a year prior to the execution of the deed to Roberts. Therefore, notwithstanding the finding of the trial court that Tyler's possession of this land was not adverse to that of the allottee, the undisputed evidence shows that it was, and that Tyler was in adverse possession, asserting a hostile title to the allottee at the time of the execution of that deed. Therefore, under these facts and the construction of the champerty statute announced in the foregoing cases, the conclusion must follow that the Roberts deed was champertous and void. However, since the deed was good as between the allottee and his grantee, Roberts *(Gannon v. Johnston et al.*, 40 Okla. 695, 140 Pac. 430, Ann. Cas. 1915D, 522), and the allottee was a party plaintiff in this cause, and still has the legal title to the land, and was

entitled to recover in this suit, and his title would inure to the benefit of his grantee, Roberts, Sr., following *Gannon v. Johnson et al.*, 40 Okla. 695, 140 Pac. 420, Ann. Cas. 1915D, 522, the finding of the trial court as to the title must be sustained.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.