### JOHNSTON v. GUY et al.

No. 21146. Oct. 3, 1933.

Beets, Wetzel & Porta, for plaintiff in error.

Newton & Pinson, T. H. Wren, and E. L. Kirby, for defendants in error.

BAYLESS, J. William G. Johnston filed an action in the district court of Okfuskee county, Okla., against Allen Earl Guy and Joe Howard. In this action he sought to foreclose a mortgage given to him by Guy and to quiet title against Howard. Howard disclaimed and need not be noticed further in this opinion. The court instructed a judgment for Guy. Johnston will be referred to henceforth as plaintiff and Guy as defendant, the roles in which they appeared in the trial court.

The plaintiff's petition contained the conventional allegations of a foreclosure petition. One Downey Milburn filed an application in the action for authority to defend on behalf of the defendant, asserting that the defendant had been declared an incompetent and the applicant had been appointed guardian for him. This authority was granted by the trial judge. The guardian then filed an answer on behalf of his ward, alleging: That defendant is an illiterate Creek freedman; that he was in fact an incompetent person; that he had been judicially declared incompetent and a guardian appointed for him, in the manner provided by law, by the county court of Wagoner county, Okla.; that he did not execute the notes and mortgage sued upon; that he was not a person sui juris and was without capacity to execute such instruments; that after his incompetency had been judicially declared, but before he attained his majority, the defendant was taken into a virtual state of captivity, kept from his family and friends, secreted and carried from place to place until the day after he attained his majority, when he was taken to Okemah, Okla., where the notes and mortgage in question were obtained; that the notes and mortgage were obtained under duress and by means of fraud, the use of intoxicants, and entirely without consideration; and other defenses attacking the jurisdiction of the court with reference to the service of process. The plaintiff filed a reply admitting the incompetency proceedings, but alleging the declaration of incompetency and the appointment of the guardian were void for the following reasons, to wit: (1) Lack of venue; (2) improper notice; (3) a jury trial was not had; (4) attempted waiver of a jury trial by the alleged incompetent; (5) the illegality of any acts of acquiescence or waiver of the alleged incompetent by reason of minority; (6) unreasonable period of overlapping of two guardianships; and, (7) such proceedings were a fraud upon the minor; and further denied knowledge of the guardianship and the date of the execution and delivery of the notes and mortgage.

The plaintiff, to sustain his cause of action, had the notes and mortgage identified, established their execution, introduced them in evidence, and rested. The defendant showed that he was under guardianship during his minority, but that about a year previous to the attainment of his majority his uncle instituted proceedings in the county court of Wagoner county, Okla., to have him declared an incompetent. That the court in which these proceedings were instituted was the court having jurisdiction of the guardianship proceedings by reason of minority and was the county

court of the county of his residence. That thereafter he was taken into "possession" by certain negroes; was taken from town to town and from state to state; was maintained in idleness and debauchery, plied with money and stupified by a liberal use of intoxicants. This was continued until shortly before the date of his majority, when he was brought into Oklahoma, and finally on the day he attained his majority he was brought to Okemah, and the next day he was taken to the office of certain attorneys at Okemah, where by threats of arrest and promise of emancipation from the guardianship, he was prevailed upon to execute the notes and mortgage sued upon herein, as well as other agreements not material to this discussion. Certified copies of the proceedings for the declaration of incompetency and the appointment of the guardian were introduced in evidence. The plaintiff introduced no rebuttal evidence. The trial court thereupon instructed the jury to render a verdict for the defendant at the time, and the plaintiff was denied any relief.

The first contention of the plaintiff concerns the illegality of dual or overlapping guardianships. The legality and propriety of guardianships on the ground of incompetency, antedating the majority of the ward, while the ward is under guardianship by reason of minority, cannot be questioned under sections 1445-1449, O. S. 1931, and the cases of Parmenter v. Rowe, 87 Okla. 158, 200 P. 683, and McKinney v. Black Panther Oil & Gas Co., 280 Fed. 486. The plaintiff indulges in the surprising argument that this incompetency proceeding too far antedated the attainment of majority by the ward to be reasonable, and is but proof of the fact that such a step was taken at that time to defraud the defendant of his rights. The defendant lacked about 11 months being of legal age when such proceedings were instituted. Under ordinary circumstances we would not say that the proceedings were unseasonably commenced, but under the record in this case we must hold that it is most fortunate for the defendant that those having his best interest in mind were as foresighted as they were. The conduct testified to in this record conclusively proves the necessity for dual or overlapping guardianships and and causes us to say that any period of time of institution of such proceedings sufficient to forestall fraud of the kind presented by this record is reasonable.

The other contentions of the plaintiff may be treated together, as they pertain to the validity of the judgment of incompetency rendered by the county court of Wagoner county, Okla. These are the failure to appoint a guardian ad litem to defend for the minor, and the failure of the court to impanel a jury to determine the issue of competency and its acceptance of the minor's attempted waiver of a jury. The defendant asserts that these contentions constitute a collateral attack and cannot properly be presented in this action. In the case of Abraham v. Homer, 102 Okla. 12, 226 P. 45, we said:

"4. What are jurisdictional facts?* * *

"5. Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court."

This statement has been reiterated by us since that time, and we will cite but not quote from the case of Howard v. Duncan, 163 Okla. 142, 21 P. (2d) 489, to the same effect.

The certified copies of the proceedings had in the county court of Wagoner county, Oklahoma, for the determination of the question of incompetency and the appointment of the guardian are regular upon their face in all jurisdictional respects. Under sections 1445-1449, O. S. 1931, supra, the county courts of the state of Oklahoma were given jurisdiction of this class of proceedings. The residence of the minor in Wagoner county, Okla., vested the venue of the particular proceedings in the county court of Wagoner county, Okla. The order declaring the defendant to be an incompetent and appointing a guardian specifically recites the service of notice of the hearing upon the alleged incompetent more than five days before the date of the hearing, and recites his presence before the court at the time of the hearing. Therefore the county court of Wagoner county, Okla., had jurisdiction of the person of the alleged incompetent, jurisdiction of the subject-matter or general class of the proceedings, and had jurisdiction to render the particular judgment which it did render. We are cited authorities by both parties concerning the effect of the failure of the court to appoint a guardian ad litem to defend on behalf of a minor, but we do not find any conflict in the various cases cited from this court. We will follow the rule announced by us in Slemp v. City of Tulsa, 139 Okla. 76, 281 P. 280, as follows:

"The failure to appoint a guardian ad

litem for an infant defendant when properly served is not such a jurisdictional defect as will render the judgment void, but at most it is voidable, and hence the judgment remains in full force and effect until it is reversed on appeal or error or set aside by direct proceedings, but is not subject to collateral attack."

As to the contention that the issue of competency must be determined by a jury and the jury cannot be waived by the alleged incompetent, especially where he is a minor, we find that section 1446, O. S. 1931, merely confers upon an alleged incompetent the right or privilege to have the issue determined by a jury, and that such section does not make a jury trial mandatory. These two matters are noticed and disposed of in this manner, but they are also to be decided adversely to the contention of the plaintiff upon the ground that they are irregularities in the trial of an action of which the court had jurisdiction in the premises, and are merely voidable upon appeal; but a judgment having such irregularities becomes conclusive and final when unappealed from, and is not subject to collateral attack.

Another and far more important reason why the judgment of the trial court must be affirmed in this case arises by reason of the equity maxim that he who seeks equity must come into court with clean hands. Whatever may have been the legal effect of the guardianship under which the defendant was existing at the time of the transaction complained of herein, no court could have granted the plaintiff the relief which he seeks in the face of the facts presented in defense by the defendant, especially where the plaintiff took no steps to deny the same or to purge himself of the inequitable conduct proved.

For these reasons, the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, and WELCH, JJ., concur. BUSBY, J., dissents. McNEILL and OSBORN, JJ., absent.