**PRYER v. MAHONEY.**

No. 26364.   Oct. 20, 1936.

Rehearing Denied March 16, 1937.

W. R. Withington, for plaintiff in error.

I. L. Harris and Ted R. Elliott, for defendant in error.

PER CURIAM. The parties will be referred to as in the trial court.

Plaintiff, Mahoney, recovered a judgment against defendant, Pryer, quieting her title to certain lots in Oklahoma City, and defendant appeals. It appears that the lots in question originally belonged to one Zeysing, and that on January 6, 1913, Zeysing deeded them to Chas. L. Cox. This deed, however, was not recorded until May 26, 1930. Cox failed to pay the taxes and the lots were sold at delinquent tax sale and tax deed issued to Mahoney on June 16, 1924.

Mahoney went into possession and erected substantial improvements on the lots; rented the same; collected the rents, issues and profits, and paid the taxes. On July 25, 1930, Pryer obtained a deed from Chas. L. Cox, the record owner, but Cox was not in possession and had not been for more than a year. In fact, there is nothing in the record to show that Cox had ever been in actual possession.

Mahoney filed suit against Pryer on September 12, 1932, to quiet her title, alleging possession, the taking of rents and profits, payment of taxes, etc. Pryer answered and filed a cross-petition against Mahoney on October 19, 1932, charging that the tax deed to Mahoney was void and asking that it be canceled and title quieted in himself. Thereafter, he filed an amended answer and cross-petition on behalf of himself and Cox, the former record owner. Plaintiff replied and the issues were made up. The case went to trial and the evidence disclosed that Mahoney, on June 16, 1924, went into possession of said lots under her tax title, and, as before stated, made substantial improvements thereon, collected the rents and profits and paid the taxes; that Pryer, on July 25, 1930, and while plaintiff was in possession under her tax deed, obtained a quitclaim deed to the lots from Cox, paying Cox $500 for the deed. Afterwards, and while the suit was pending, and on May 7, 1934, Mahoney, through her agent, Phelan, also obtained a quitclaim deed from Cox, paying, giving or donating to Cox the sum of $10 for this second deed.

The defendant tried this case on the theory that Mahoney or her agent practiced fraud upon Cox in getting this second deed, in that said lots were, on May 7, 1934, worth some $4,650, and that Mahoney only gave Cox the sum of $10, and that Mahoney knew the actual value of these lots and that said consideration was so inadequate that it should shock the conscience of the court to the extent of rendering this deed void. The court found against this contention and rendered judgment in favor of plaintiff and against defendant, and quieted the title of Mahoney in said lots. In this, we think the trial court was right.

Defendant makes quite an argument about Cox executing the deed to Mahoney as an "accommodation," and, by inference, seeks to show that Cox was overreached. We are not impressed with this argument, or with the evidence of Cox. Cox had already sold the lots to Pryer and received from Pryer the sum of $500 in cash, which certainly was not inadequate, and as between Cox and Fryer the deed was good. Tyler v. Roberts, 56 Okla. 610, 156 P. 201.

Furthermore, Pryer was charged with notice of Mahoney's right because Mahoney was in possession, which fact made the deed between Cox and Pryer void as to Mahoney, and, in fact, Mahoney was the only person to whom Cox could make a valid deed. Mahoney had a perfect right to get this deed from Cox under the express holding of this court. Miller v. Grayson, 64 Okla. 122, 166 P. 1077; Davis v. Manhard, 172 Okla. 85, 45 P. (2d) 1095.

Defendant cites the case of Burner v. Cobb, 37 Okla. 228, 131 P. 165, and Boles v. Nash, 145 Okla. 120, 291 P. 800, as supporting his contention. These cases are not in point because they were actions brought by ignorant, illiterate, and trusting old Negroes to recover **their own property;** while in the instant case Cox was neither ignorant, illiterate nor trusting, and Cox was not the real party in interest, and was not trying to recover **his** property. Considerable was said in the trial and in the briefs about equity, inequity, clean hands, etc., which went to the extent that the trial court used some language that was more expressive than elegant, but, be that as it may, we think that the acts of Dr. Phelan, the agent of Mahoney, were not fraudulent or improper.

We, therefore, hold that Mahoney, being in possession of these lots and having taken the rents and profits therefrom, and having made substantial improvements thereon, and

also having paid the taxes, could, as a matter of law, perfect her title by getting this deed from Cox, the record owner, and that said deed is valid, and the fact that Mahoney only gave Cox $10 would not render the consideration inadequate to the extent of invalidating the second deed.

The judgment of the trial court is, therefore, affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. R. Bostick, Villard Martin, and Jas. E. Bush in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bostick and approved by Mr. Martin and Mr. Bush, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.