Glenn FROST, Plaintiff in Error,

v.

Ida M. BLOCKWOOD et al., Defendants in Error.

No. 40641.

Supreme Court of Oklahoma.

Nov. 16, 1965.

As Amended Dec. 7, 1965.

P. D. Erwin, Chandler, for plaintiff in error.

Tom J. Amis, Meeker, James W. Pipkin, Seminole, for defendants in error.

IRWIN, Justice.

Pauline Harris, Orville Stearman, individually and as the administrator of the Estate of Melvina Stearman, deceased, commenced proceedings against Ida M. Blockwood, et al., to determine the death and heirship of certain named parties, their respective interests in a tract of land, quiet title, and to partition the tract, (less and except the oil, gas and other mineral rights) according to their respective interests. Service of summons was made by publication and personal service.

On January 29, 1963, all defendants were declared to be in default and judgment was rendered as prayed for and the trial court ordered partition and appointed Commissioners. The Commissioners took and subscribed their oath and filed their report, dated February 9, 1963. The Commissioners found the tract could not be partitioned in kind and appraised the tract (less and except the oil, gas and other minerals rights) at $9,000.00.

Pauline Harris filed a motion for revivor on April 10, 1963, suggesting that her co-plaintiff, Orville Stearman, had died on February 4, 1963; that she had been substituted in his place as special administratrix of the estate of Melvina Stearman, deceased; and moved for an order of revivor. The trial court entered its order on April 10, 1963, reviving the action in the name of Pauline Harris as special administratrix of the estate of Melvina Stearman, deceased, and in the name of the heirs and personal representatives of Orville Stearman, deceased.

On April 16, 1963, Glenn Frost filed a motion alleging that Ida Dryden, a defendant in the action, had transferred and conveyed her interest in the tract to the movant by quit claim deed, dated April 16, 1963, and prayed that he be substituted as a party defendant. The record reflects that Ida Dryden had been personally served with summons on August 1, 1959, and having failed to plead or answer in the case, she was adjudged to be in default. The trial court had determined that she owned an undivided one-fifteenth (1/15th) interest in the tract of land in controversy by the Journal Entry of Judgment on January 29, 1963. The trial court entered an order on April 16, 1963, substituting Glenn Frost as a party defendant in the place of Ida Dryden.

Thereafter, Glenn Frost filed a motion to vacate and set aside the judgment rendered on January 29, 1963, and the revivor thereof. One of the alleged grounds for vacation was that a number of the defendants were shown to be minors, improper service was had, and no guardian ad litem was appointed.

The trial court heard oral arguments on the motion to vacate and took the matter under advisement. Thereafter, it denied Glenn Frost's motion to vacate and he perfected the instant appeal. The parties will be referred to as they appeared in the trial court or by name.

Plaintiffs first contend that the "Journal Entry of Judgment", which determined the death and heirship of named decedents, the interests of all parties to the action and ordered partition and appointment of commissioners, was no more than an interlocutory decree or order, and therefore not appealable; and that the order overruling Glenn Frost's motion to vacate that interlocutory decree or order was likewise not appealable, and the present appeal should be dismissed. This question must necessarily have our first consideration.

The order forming the basis of this appeal was entered on June 26, 1963, and neither party suggests that a motion for a new trial was necessary. In this connection, see Title 12 O.S.1961, § 651, as amended in 1963.

Plaintiffs' answer brief cites Richardson v. Thompson et al., 40 Okl. 348, 138 P. 177; Foreman v. Riley, 88 Okl. 75, 211 P. 495; and Wrightsman et al. v. Southwestern Natural Gas Co., 173 Okl. 75, 46 P.2d 925, as authority for the contention. None of the cited cases deal with the question of interlocutory decrees or orders in partition suits and are therefore not in point.

In Clement v. Ferguson, Okl., 287 P.2d 207, we held:

"*An order for partition* entered as prescribed by Tit. 12 O.S.1951 § 1505, *making no change in nor final determination of a substantial right of any of the parties to the proceedings is not a final order or judgment within the meaning of our appellate jurisdiction statutes*, Tit. 12 O.S.1951 §§ 952, 953, or judgment vacation statutes, and can be modified, vacated or set aside previous to the trial court's consideration of the commissioners' report and its final judgment, even after the term of court during which it was entered." (Emphasis added).

It is to be noted the above holding relates to an order "making no change in nor final determination of a substantial right of any of the parties * * *", and is in harmony with the language in the body of the opinion where we said:

"* * * However, as said in Camp Phosphate Co. v. Anderson, supra (48 Fla. 226, 37 So. [722] 725): 'We do not commit ourselves to all that is said in the opinions just cited, nor are we prepared to adopt or approve all of their reasoning.' *We say this because we do not wish, by this decision, to be interpreted as holding that an order for partition, or denying partition, may never, in any case, be regarded as a final or appealable order * * *.* In this connection, see Bates v. Hanks, 262 Ky. 556, 90 S.W.2d 743; Brown v. Crossmann, 204 N.Y. 238, 97 N.E. 526; Jackson v. Myers, 120 Ind. 504, 22 N.E. 90, 23 N.E. 86, and 12 O.S. 1951 § 953, with reference to 'an order affecting a substantial right * * * (which) * * *'. But the order here in controversy was not such an order. It affirmatively exercised the court's power to order partition invoked by plaintiff's petition; but it affected no substantial right of any of the parties to the action. Though, in a purely formal way, it did purport to quiet their title and declare their interests among themselves, it purported to make no change in said interests as they existed before the action, and about which there was no issue in the proceedings." (Emphasis added).

It is to be noted here that substantial rights of the parties are involved as plaintiffs not only sought partition under Title 12 O.S.1961, § 1501 et seq., but also sought the determination of the death and heirship of named decedents under Title 84 O.S. 1961, § 257 et seq. The "Journal Entry of Judgment", dated January 29, 1963, granted plaintiffs all the relief sought in their petition, including relief under Title 84 O.S. 1961, § 257 et seq. In the second paragraph of the syllabus in Wells v. Shriver, 81 Okl. 108, 197 p. 460, we said:

"A 'judgment' is the final determination of the rights of the parties in an

action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or abandoned on the trial of the case."

Title 84 O.S.1961, § 259, provides:

"Such decree or judgment (determining death and heirship of decedents) shall be conclusive as to the rights of such devisees, or heirs at law of such deceased person, or grantees in such deed or patent, and of their heirs, executors, administrators, devisees, trustees, and assigns, immediate and remote, in and to such real property and every part thereof, subject only to be reversed, or set aside, or modified, on appeal, or to be opened and they or any of them let in to defend upon the same terms and with like effect, as provided in section 4728, article 6, chapter 60, of the Revised Laws of Oklahoma 1910. Laws 1919 ch. 261, p. 372, § 3."

This Court considered and determined the appeals from the judgments determining heirs and ordering partitions in Erwin et al. v. Hines et al., 190 Okl. 99, 121 P.2d 612; Williams v. Neal, 207 Okl. 552, 251 P.2d 785; Gottsch v. Ireland et al., Okl., 358 P.2d 1097; Hixson v. Cook, Okl., 379 P.2d 677; and Brown v. Wilson, Okl., 386 P.2d 152. Babb et al. v. National Life Ass'n et al., 184 Okl. 273, 86 P.2d 771, was an appeal from an order overruling a motion to vacate a foreclosure judgment.

■ We are of the opinion and so hold that in the instant proceeding, where Glenn Frost timely filed a motion to vacate the January 29, 1963, judgment on the grounds that the trial court did not have jurisdiction over all the co-tenants, the order overruling Glenn Frost's motion to vacate should be treated as an appealable order.

■ Plaintiffs argue that Glenn Frost was not a party to the proceedings nor the judgment when rendered and is not a proper party to question the validity of the judgment.

Title 12 O.S.1961, § 235, provides in part:

"An action does not abate by the death or other disability of a party, or by the transfer of any interests therein, during its pendency, if the cause of action survive or continue. * * * *In case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action.*" (Emphasis added.)

In Gillett v. Romig, 17 Okl. 324, 87 P. 325, we held:

"In case of a transfer of real estate during the pendency of the litigation, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

■ In the instant case, upon proper motion of Glenn Frost, the trial court substituted Glenn Frost as party defendant in the place of Ida Dryden who had transferred her interest to Glenn Frost. Therefore, Glenn Frost had the same rights to challenge the validity of the judgment that Ida Dryden had.

■ Glenn Frost next contends that the judgment was void because certain minors were not properly served and represented by guardian ad litem. He argues that there was no service of summons upon Elmer Norris, a minor, except by leaving a copy of the summons with Leonard Norris, his purported guardian, and only service by publication on Linda Jo Stearman, and no guardian was appointed. Since Glenn Frost has failed to brief the issue as to why the judgment was not valid as against Linda Jo Stearman, we will not further consider the validity or the invalidity of the proceedings as against Linda Jo Stearman. In this connection, however, see Title 12 O.S.1961, §§ 228, 228a, if in fact she was a minor and no guardian was appointed.

In considering the validity of the service of summons on Elmer Norris, we find summons was issued on July 29, 1959, and

the following return made (omitting the formal parts):

"I Received this Writ July 31th, 1959, and executed same in my County, at the time and in the manner, as follows, to-wit:

\* \* \* \* \* \*

"Elmer Norris, August 1st, 1959, by delivering in said County, a true and correct copy of the within summons with all endorsements thereon to Leonard Norris, his Guardian."

We can not determine the exact age of Elmer Norris from the record but it conclusively discloses that he was over fourteen years of age when the petition was filed on July 29, 1959, and the purported service was had on August 1, 1959. Plaintiffs apparently concede that Elmer Norris was in fact a minor when service was had.

In discussing this issue, plaintiffs cite no authority for service upon the guardian but simply state that "Personal service was had on Leonard Norris, as guardian of Elmer Norris," and cites certain language employed in Johnston v. Guy, 165 Okl. 156, 25 P.2d 625; and Bailey v. Brown, 166 Okl. 5, 25 P.2d 1088. The language relied upon by plaintiffs in the above cases does not relate to service of process upon a minor but the effect of the procedure by Title 12 O.S.1961, § 228, for the appointment of a guardian after the trial court has acquired jurisdiction over the person of a minor. The record is barren of any evidence that Sec. 228, supra, was complied with and as will be hereinafter shown, the trial court did not acquire jurisdiction of Elmer Norris by service upon his purported guardian although it rendered a default judgment against him. For our construction of Sec. 228, supra, see Johnston v. Guy, supra; Bailey v. Brown, supra, Allen v. Hickman, Okl., 383 P.2d 676; and Lane v. Snitz, Okl., 389 P.2d 962.

We will now consider the law applicable to service upon a minor. Title 12 O.S.1961, § 169, provides:

"When the defendant is a minor, under the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of those can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service on him alone will be sufficient. The manner of service may be the same as in the case of adults."

Title 12 O.S.1961, § 159, provides:

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

In Scott v. Brown, 40 Okl. 184, 137 P. 113, we said that if the defendant is a minor under the age of fourteen years, the summons in the commencement of the action shall be served on the minor and his guardian, and if over fourteen years, then on the minor; that in either case it is necessary to serve the minor; and that this statute must be strictly followed. The above case was cited with approval in Bruner v. Nordmier, 48 Okl. 415, 150 P. 159, and we said:

"\* \* \* that jurisdiction of a minor cannot be obtained over the person of a minor at the commencement of an action by serving the summons on his guardian alone. In case the minor is under 14 years of age, service must be had upon him and his guardian, or father, or if neither of those (guardian or father) can be found, then upon his mother, or the person in control of him, or with whom he lives, if such person can be found. If, however, the minor is more than 14 years of age, he alone may be served with summons personally, just the same as it would be made upon an adult. Therefore, there is no statutory authority for serving the guardian alone, at the commencement of an action; and it fol-

lows that none exists, where the summons is in error. * * *"

See also Tanner v. Schultz, 97 Okl. 132, 223 P. 174; Bolling v. Campbell, 36 Okl. 671, 128 P. 1091; and Condit v. Condit, 66 Okl. 215, 168 P. 456.

■ The return in the instant action shows an utter failure to comply with the statutory provisions governing the service of summons on a minor and the district court acquired no jurisdiction of the person of Elmer Norris, and the judgment rendered on January 29, 1963, insofar as affecting any rights of Elmer Norris, was void. Insofar as the validity of the judgment against the other parties, or any of them, who were properly before the trial court, we find it unnecessary to consider or determine.

It should be noted that we are not herein concerned with the rights of the parties after land had been offered for sale and sold in partition proceedings when the trial court did not have jurisdiction over all the co-tenants or co-owners; but only concerned with the rights of the parties after an order of partition has been entered and before the trial court has directed the land to be sold. Therefore, the precise issue to determine can be stated thusly: "Where a judgment has been entered in a partition proceeding ordering land to be partitioned and said judgment is void as against the interest of one of the co-tenants, is a co-tenant of the land ordered to be partitioned entitled to have such judgment vacated?"

Stated in aonther way in the form of an example. A, B and C own Blackacre as co-tenants. A files an action to partition Blackacre and the court acquires jurisdiction over the person of B but fails to acquire jurisdiction over C. If the trial court enters a judgment and orders Blackacre to be partitioned, is B entitled to have such judgment and order of partition vacated on the grounds that such judgment and order are void as against C?

We are of the opinion and can only conclude that B would be entitled to vacate such judgment and order and a trial court would commit reversible error in denying the motion to vacate the judgment and order of partition. Our conclusion is premised upon our statutory provisions and equitable principles.

Title 12 O.S.1961, § 1501, provides:

"When the object of the action is to effect a partition of real property, the petition must describe the property and the respective interests of the owners thereof, if known."

"§ 1502.—If the number of shares or interests is known, but the owners thereof are unknown, or if there are, or are supposed to be, any interests which are unknown, contingent or doubtful, these facts must be set forth in the petition with reasonable certainty."

"§ 1505.—After the interests of all the parties shall have been ascertained, the court shall make an order specifying the interests of the respective parties, and directing partition to be made accordingly."

■ Without question, the above statutory provisions prescribe that the trial court acquire jurisdiction over all the owners of an interest in land sought to be partitioned, whether the owners be known or unknown, or their interests be contingent or doubtful, and their respective interest must be determined. However, whether the failure of the trial court to acquire jurisdiction over one or more of the co-owners renders any and all partition proceedings a nullity is not presented in this appeal. We are only concerned here as to whether a co-tenant is entitled to have a judgment ordering partition vacated where the trial court has not rendered a valid and binding judgment against a co-owner.

In Thomason v. Thompson, 123 Okl. 218, 253 P. 99, we held:

"The object of partition proceedings is to enable those who own property as

joint tenants, coparceners, or tenants in common, to put an end to the tenancy so as to vest a sole estate in specific property, and contemplates an absolute severance of interests; * * *."

If, in the instant action, the land is sold as provided by Title 12 O.S.1961, § 1513, without a valid and binding judgment against the interest of Elmer Norris, the purchaser would not obtain absolute title and the same would not put an end to co-ownership of the property. This is because the order of partition and sale would not be binding upon the interest of Elmer Norris and, at most, the purchaser and Elmer Norris would then own such property as co-tenants. As heretofore stated, the question is not presented and we do not herein determine the force and effect of said proceedings as the same relate to the other co-tenants who were properly before the court. In other words, the partition proceedings would not accomplish that which those who sought partition were entitled to and would not accomplish that which the statutory provisions contemplate.

 Partition proceedings are of equitable cognizance and the above statutory provisions are in harmony with equitable principles; and where partition proceedings are brought to partition land, less and except all mineral rights, such proceedings contemplate partition of all interests in and to the land, less and except such mineral rights, and there are no statutory provisions providing for partition of a lesser interest. If an order of partition is not valid and binding against all the co-tenants, an appraisal and sale predicated upon the purported entire interest and not a lesser interest would be prejudicial to the rights of the co-tenants. We therefore conclude the trial court's order denying Glenn Frost's motion to vacate the judgment and order of January 29, 1963, was erroneous and constitutes reversible error.

The order overruling the motion of Glenn Frost to vacate the judgment entered on January 29, 1963, is reversed with directions to proceed as follows: vacate the order of June 26, 1963, and judgment of January 29, 1963; authorize proper service of summons to be made upon Elmer Norris; set the matter for hearing and review the former judgment determining death, heirship, quieting title, and ordering partition; and if all the minors' interest were fully protected (see §§ 228 and 228a, supra) and it is determined that the judgment of January 29, 1963, was correct, then re-enter judgment, but if it is determined that such judgment was incorrect, enter the judgment that should be entered. The trial court is further directed that if partition is in order, Commissioners should be appointed and the trial court would proceed with the partition proceedings in the manner provided by law.

Reversed with directions.